Richard K. BENDETSON, et
al., Plaintiffs,

v.

Francis E. PAYSON, et al., Defendants.

Civ. A. No. 81–2181–MC.

United States District Court,
D. Massachusetts.

March 15, 1982.

Pamoja Burrell, M. Frederick Pritzker, Brown, Rudnick, Freed & Gesmer, Boston, Mass., for plaintiffs.

David Berman, Medford, Mass., for defendants.

## MEMORANDUM AND ORDER

McNAUGHT, District Judge.

This matter came on to be heard on the defendants' motion to dismiss or to stay the proceedings pending completion of actions in Massachusetts courts relating to appeals from various administrative decisions.

The dispute between the parties arises out of the plaintiffs' attempts to develop land in Haverhill, Massachusetts, for housing for persons of low income. In their complaint, plaintiffs assert that the opposition voiced by the defendants at various administrative hearings and the appeals taken by the defendants from administrative decisions favorable to the plaintiffs are part of an attempt to intimidate the plaintiffs and to interfere with the plaintiffs' attempts to provide housing for low income persons. Plaintiffs further charge that the acts of the defendants are part of a conspiracy to deprive minorities and other low income groups of their rights to equal housing. They seek injunctive relief and damages for alleged violations of the Fair Housing Act, 42 U.S.C. §§ 3604 and 3617 and of the Civil Rights Act, 42 U.S.C. §§ 1981, 1982, and 1985(3) and for alleged abuse of process.

## CLAIMS UNDER THE FAIR HOUSING ACT

Defendants argue that the claims in Count I alleging violations of the Fair Housing Act should be dismissed for failure to state a claim upon which relief can be granted. They argue that the plaintiffs have no standing to sue due to the merely speculative nature of the injuries which have been alleged and because the plaintiffs as developers do not fall within the protection of the Fair Housing Act.

I disagree. The requirements for standing to sue under § 812 of the Fair Housing Act, 42 U.S.C. § 3612, have recently been spelled out by the Supreme Court. In *Havens Realty Corp. v. Coleman,* —— U.S. ——, ——, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982), the Court stated, "Thus the sole requirement for standing to sue under § 812 is the Article III minima of injury-in-fact: that the plaintiff allege that as a result of the defendant's actions he has suffered a 'distinct and palpable injury', *Warth v. Seldin,* 422 U.S. 490, 501 [95 S.Ct. 2197, 2206, 45 L.Ed.2d 343] (1975)." The plaintiffs have met that requirement. They allege

that they have suffered financial loss because of the allegedly discriminatory actions of the defendants. That is certainly an allegation of "distinct and palpable injury".

The discrimination which plaintiffs say has occurred and continues to occur is that which the Fair Housing Act was designed to prevent. 42 U.S.C. § 3604(a) makes it unlawful "[T]o refuse to sell or rent . . . *or otherwise make unavailable* or deny, a dwelling to any person because of race, color, religion, sex, or national origin". (Emphasis added). Giving broad construction to the expressed Congressional intent "to provide, within constitutional limitations, for fair housing throughout the United States", 42 U.S.C. § 3601, the plaintiffs' allegations do state a cause of action upon which they may recover.

## CLAIMS UNDER THE CIVIL RIGHTS ACT

Defendants argue that the plaintiffs lack standing to bring suit under 42 U.S.C. §§ 1981, 1982, and 1985(3) since plaintiffs have not been denied any rights guaranteed to them by the Constitution and protected by the Civil Rights Act.

■■■ Again, I disagree. As was stated by the First Circuit in *DesVergnes v. Seekonk Water District*, 601 F.2d 9, at 14 (1st Cir. 1979),

> . . . to invoke § 1981 and § 1982 one need not be a member of the racial class protected by the statute and one need not even be able to identify any specific member of the class who suffered or may suffer discrimination . . . in order to effectuate the public policy embodied in § 1981, and in order to protect the *legal rights* of non-whites expressly created by § 1981, a person has an implied *right of action* against any other person who, with a racially discriminatory intent, interferes with his right to make contracts with non-whites. (Emphasis in original.)

The plaintiffs do allege such interference with their right to make contracts with non-whites. They, therefore, have statutory standing to sue under 42 U.S.C. § 1981.

■■■ The same reasoning as applied by the First Circuit in *DesVergnes* to § 1981 claims applies with equal force to claims under § 1982. In order to protect the property rights of non-whites expressly created by § 1982, a person has an implied right of action against any person who, with a racially discriminatory intent, interferes with his right to lease property to non-whites.

■■■ The plaintiffs also have standing to bring their claims under 42 U.S.C. § 1985(3). That section creates a cause of action for injuries due to a conspiracy motivated by racial or other invidious discrimination which results in the deprivation of rights guaranteed by the Constitution and secured by federal statute. *See Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). Plaintiffs' complaint alleges injury due to conspiracy of the defendants which they say was motivated by racial discrimination. That allegation is sufficient to give the plaintiffs standing under 42 U.S.C. § 1985(3).

## CLAIM OF ABUSE OF PROCESS

■■■ The complaint states a cause of action for the tort of malicious abuse of prosecution. That tort "consists in the use of lawful process primarily for a purpose for which it was not designed". J. Nolan, Tort Law, Vol. 37, Mass. Practice Series, p. 74 (1979). That is precisely what plaintiffs have alleged in their complaint.

For the foregoing reasons, defendants' motion to dismiss must be and is hereby denied.