M. Aschheim Co., Inc. *vs.* Daniel Turkanis. December 30, 1983. *Practice, Civil,* Interlocutory appeal, Discovery.

Irving Backman, a nonparty, appeals from the denial of his motion for a protective order (Mass.R.Civ.P. 26[c], 365 Mass. 775-776 [1974]) and from the allowance of the plaintiff's order compelling the production of documents. 1. Absent exceptional circumstances not present here, an order compelling discovery is not appealable as a final judgment. *Borman* v. *Borman*, 378 Mass. 775, 781-785 (1979). See also *United States* v. *Ryan*, 402 U.S. 530, 532-533 (1971). The appellant urges that this general rule should not apply to him since he is not a party to the litigation. In applying the Rules of Civil Procedure, we ordinarily follow the practice in the Federal courts where the rules are textually the same. *Rollins Environmental Serv., Inc.* v. *Superior Court*, 368 Mass. 174, 179-180 (1975). The majority of Federal courts that have addressed the issue have ruled that discovery orders against nonparties are no more appealable than those against parties. See *United States* v. *Fried*, 386 F.2d 691, 694 (2d Cir. 1967); *Honig* v. *E. I. duPont de Nemours & Co.*, 404 F.2d 410, 410 (5th Cir. 1968); *Borden Co.* v. *Sylk*, 410 F.2d 843, 846 (3d Cir. 1969); *United States* v. *Anderson*, 464 F.2d 1390, 1392 (D.C. Cir. 1972); *Ryan* v. *Commissioner of Internal Revenue*, 517 F.2d 13, 18-19 (7th Cir.), cert. denied, 423 U.S. 892 (1975). But see *Covey Oil Co.* v. *Continental Oil Co.*, 340 F.2d 993, 996-997 (10th Cir.), cert. denied, 380 U.S. 964 (1965). 2. If we had reached the merits of the appeal, we would have concluded that the Superior Court did not abuse its discretion in allowing the plaintiff's motion and denying Backman's. The relevance of the material sought to be discovered appears to turn on a disputed and difficult point of law, and it is more consistent with our practice not to resolve undecided points of substantive law at the discovery stage, just as we ordinarily decline to resolve such questions on motions for dismissal made under Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974). See *Jenkins* v. *Jenkins*, 15 Mass. App. Ct. 934 (1983); 5 Wright & Miller, Federal

Practice and Procedure § 1357, at 603 & n.81 (1969 & Supp. 1982). If discovery efforts become excessive or unreasonable in Backman's opinion, it is, of course, open to him to renew his request for a protective order or for limitation of discovery in light of the new conditions.

*Appeal dismissed.*

*Barbara D. Gilmore* for Irving Backman.
*Ronald A. Witmer* for the plaintiff.