Gershengorn, J.
This action arises out of plaintiffs, Crosspoint Associates (“Crosspoint”), attempt to develop a Super Stop & Shop Supermarket in Mansfield, Massachusetts. Crosspoint alleges that defendants, Shaw’s Supermarkets, Betty V. Papas and Forrest H. Emery, are, in sum, using tortious methods to halt the impending construction of the Super Stop & Shop. Plaintiffs amended complaint asserts four causes of action: malicious prosecution (Count I); abuse of process (Count II); tortious interference with business relations (Count III); and violation of G.L.c. 93A (Count IV). Defendants, pursuant to Mass.RCiv.P. 12(b)(6), have moved to dismiss plaintiffs amended complaint on the basis that defendants are immune from liability for exercising their First Amendment Rights (i.e. contacting various government agencies) unless plaintiff establishes defendants’ actions were (1) objectively baseless and (2) that defendants attempted to interfere with the business relationship of a competitor. Furthermore, defendants argue that notwithstanding their First Amendment immunity, plaintiff has failed to allege the required elements of its state common law/statutory claims. For the reasons that follow, defendants’ motion to dismiss is allowed in part and denied in part.
BACKGROUND
Plaintiffs complaint alleges the following facts which must be taken as true for the purposes of defendant’s motion to dismiss. Plaintiff owns property in Mansfield which it is in the process of developing into a Super Stop and Shop supermarket. The defendant trust owns property adjacent to the proposed site. Shaws Supermarkets, a direct competitor of Stop & Shop, holds 100% of the beneficial interest in the trust.
In August 1993, the Mansfield Conservation Commission issued plaintiff a grant of order of conditions authorizing plaintiff to perform certain tasks on the project. Later that month, Edward Epstein, Jr. (the previous owner of the trust property) requested the Department of Environmental Protection (DEP) to issue a superseding Order of Condition. About September 23, 1993, the DEP conducted a site walk on the proposed site. Defendant Forrest H. Emery, a land use expert representing Epstein, and Gary Sanford, a civil engineer representing Crosspoint, participated in the site walk. During the site walk, the parties surmised that the site had been filled prior to the effective date of Section 404 of the Federal Clean Water Act. Emery gestured his assent to the parties’ conclusion that certain indicators, such as the height of cedar trees, indicated that the site was filled at least 25 years ago. Subsequently, Epstein conveyed the property to the trust.
On or about October 15, 1993, plaintiff submitted a final environmental impact report to the Massachusetts Secretary of Environmental Affairs. An attorney representing the trust objected to the environmental impact report, based on Emery’s analysis. Despite the trust’s opposition, the secretary certified that plaintiff had complied with the various state laws and regulations.
Subsequently, the trust mailed a letter to the Mansfield Building Inspector and Zoning Enforcement Officer alleging that plaintiff was violating the zoning laws. These allegations were similar to those submitted in the trust’s opposition to the environmental impact report. The Inspector refused to revoke the building permit. The trust appealed this decision.
Moreover, on or about December 28, 1993, the trust initiated proceedings with the Army Corps of Engineers asserting that plaintiff had not complied with various federal environmental laws. At this time, the trust’s expert, Emery, knew that the Army Corps of Engineers (Corps) lacked jurisdiction over the site’s development because any filling occurred before the effective date of the federal act. This letter was mailed at the Shaw’s direction.
The Army Corps of Engineers requested documentation from plaintiff in response to the trust’s letter. Plaintiff mailed materials to the Corps which supported the assertion that the Corps lacked jurisdiction. The Corps subsequently acknowledged that they did not have jurisdiction.
Defendants knew that the Corps did not have jurisdiction over this matter by virtue of Emery’s site walk. Despite this knowledge, defendants contacted the Corps and initiated legal proceedings.
DISCUSSION
Defendants have brought a motion to dismiss plaintiffs claims based on a variety of defenses. The main thrust of defendants’ motion to dismiss is that defendants’ activity in contacting various state and federal agencies is wholly protected by the First Amendment. For this proposition defendants rely on Professional Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc., 113 S.Ct. 1920 (1993), in which the Court concluded that in order for liability to attach for sham litigation, “the lawsuit must be objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits . . . , [and] whether the baseless lawsuit conceals an attempt to interfere directly with the business relationships of a competitor.” Id. at 1298.
Defendants argue that plaintiff has failed to allege specific facts that defendants’ actions were either objectively baseless or that defendants’ actions interfered directly with plaintiffs business relationship. In support of their argument, defendants examine the Emery letter and conclude that the letter had merit, as well as state that the complaint does not demonstrate that Emery had knowledge that the site had been filled prior to the enactment of the clean water act. Furthermore, defendants argue that the complaint fails to aver the availability of an available site.
*64 Moreover, defendants assert a public policy argument attempting to characterize plaintiffs suit as a SLAPP suit (Strategic Lawsuits Against Public Participation). Defendants allege that plaintiffs suit chills their right to freely bring their grievances to the government’s attention. Finally, defendants argue that plaintiff has failed to plead that defendant’s actions interfered directly with plaintiffs business relationship. In sum, defendants claim that plaintiff did not establish that defendants’ actions were wielded to hurt plaintiff.
To these points, plaintiffs simply contend that the complaint meets the standard enumerated in Professional Real Investors, supra.
Clearly, plaintiffs complaint argues that Emery knew that the Corps lacked jurisdiction and despite this knowledge proceeded to petition the Corps for relief. Moreover, the complaint establishes that defendants utilized this process as an anti-competitive weapon. Indeed, defendants’ motion disputes such fact laden questions as knowledge and intent. Accordingly, defendant’s motion to dismiss on this ground is not appropriate.
Defendants also attack plaintiffs complaint on the grounds that plaintiffs improperly plead their common law causes of action.
As to Count I, defendants argue that plaintiff failed to state a claim for malicious prosecution because defendants never instituted any court proceedings against plaintiff. Although Massachusetts state courts have not ruled on this issue,[3] the Restatement (Second) of Torts, §680, the Federal District Court for the district of Massachusetts, Bendetson v. Pay son, 534 F.Supp. 539, 541 (D.Mass. 1982), and decisions of other states recognize that action before an administrative body can constitute malicious prosecution. See generally Hillside Assoc, v. Stravato, 642 A.2d 664, 667-68 &n. 3 (R.I. 1994). Thus, based on the cited authorities, plaintiff has established a claim for malicious prosecution.[4]
Defendants assert that plaintiffs claim for abuse of process fails because defendants merely wrote letters to administrative bodies and such action does not constitute process. The elements of abuse of process are: “(1) ‘process’ was used; (2) for an ulterior or illegitimate purpose; (3) resulting in damage.” Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 775-76 (1986). The tort encompasses three types of cases, writs of attachment, process used to institute a civil action, and the process used to bring criminal charges. Process refers to the papers issued by a court to bring a party or property within its jurisdiction. Jones v. Brockton Publ. Mkts, Inc., 369 Mass. 387, 389-90 (1975).
Here, there is simply no support for the contention that the letters either mailed to or from the Army Corps of Engineers constitute process, as that term is defined by Massachusetts law. Indeed, the SJC has narrowly construed the parameters of an abuse of process action, see Jones v. Brockton Public Markets, supra at 389-90, and this court finds that plaintiff has failed to allege sufficient process to justify such a claim. Simply put, a letter does not constitute “process.”[5] Accordingly, Count II is dismissed.
Defendant asserts that plaintiff has failed to establish a claim for intentional interference with prospective contractual business relations because there is no allegation that a third person did not enter or continue into a business relationship with plaintiff. The elements of the tort are: “(1) abusiness relationship or contemplated contract of economic benefit; (2) the defendant’s knowledge of such relationship; (3) the defendant’s intentional and malicious interference with it; (4) the plaintiffs loss of advantage directly resulting from defendant’s conduct.” Comey v. Hill, 387 Mass. 11, 19 (1982). The essence of the tort is damage to a business relationship or contemplated contract of economic benefit. Rainer v. Noble, 35 Mass.App.Ct. 137,138 (1993), rev. denied 416 Mass. 1105 (1993), and cases cited. The complaint alleges that Stop & Shop altered its relationship with plaintiff due to defendants’ activities, and plaintiffs were damaged. Thus, the complaint alleges the essential elements of this tort.
Defendants argue that plaintiff has failed to state a valid G.L.c. 93A claim because plaintiff did not engage in a commercial transaction with defendants. General Laws c. 93A, §11 prohibits business entities from engaging in “an unfair method of competition or an unfair or deceptive act.” Although there are few Massachusetts cases governing unfair methods of competition, the statute covers a variety of anti-trust violations. Accordingly, plaintiffs allegations premised on the anti-trust portion of the statute are proper.
Finally, defendants argue that defendant Betty V. Papas, as trustee, is not liable for any torts committed by the trust. It is well established in Massachusetts that a trust is not an entity subject to suit, rather all claims must be asserted against the trustee. Morrison v. Lennett, 415 Mass. 857, 859-60 (1963). Accordingly, Papas is liable as trustee of the trust.
ORDER
This court ORDERS that defendants’ motion to dismiss is allowed in part and denied in part. Specifically, Count II of plaintiffs complaint is DISMISSED.

In an action for malicious prosecution, the plaintiff must allege that (1) a prosecution was commenced against him, (2) that it was instituted or instigated by the defendant, (3) that it was malicious, (4) that it had been legally and finally terminated in the plaintiffs favor, (5) that it was without probable cause, and (6) that is caused the plaintiff damage. Bishop, Prima Facie Case, §1151 (1987); see, e.g. Conway v. Smerling, 37 Mass.App.Ct. 1, 3 (1994).

This conclusion is consistent with the rule that a motion to dismiss is not a proper vehicle to decide unresolved points of law. M. Aschheim Co., Inc. v. Turkanis,, 17 Mass.App.Ct. 968 (1983).

Compare Hillside Associates v. Stravato, 642 A.2d 664, 666 (D.R.I. 1994) (abuse of process claim founded on appeal to zoning board and issuance of cease and desist order).