PAUL J. JENKINS, administrator, *vs.* DANIEL G. JENKINS. February 2, 1983. The appellant, as administrator of his mother's estate and individually, together with his brother and sister, brought this action for damages. The first count is for wrongful death (G. L. c. 229, § 2). In a second count the appellant and his sister in their individual capacities claim that the defendant assumed and violated a fiduciary duty toward them. The defendant, a brother of the plaintiffs, moved to dismiss the complaint, raising the defenses of (1) failure to state a claim upon which relief can be granted (Mass.R.Civ.P. 12[b][6], 365 Mass. 755 [1974]); (2) pendency of a prior action in a court of the Commonwealth (Mass.R.Civ.P. 12[b][9], *id.*); (3) the statute of limitations; and (4) misjoinder of the plaintiffs in their individual capacities. The motion was allowed, without a statement of reasons, as to all of the plaintiffs, and judgment was entered accordingly. The only appeal was by the appellant acting in his capacity as administrator[1], and we therefore consider only the propriety of the dismissal as to him of the action for wrongful death on the grounds set forth in (1), (2) and (3) above.

1. "'In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' Furthermore, the allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiff's favor, are to be taken as true." *Nader* v. *Citron*, 372 Mass. 96, 98 (1977), quoting from *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957). See *Charbonnier* v. *Amico*, 367 Mass. 146, 152-153 (1975); *Coolidge Bank & Trust Co.* v. *First Ipswich Co.*, 9 Mass. App. Ct. 369, 370 (1980). A complaint should not be dismissed simply because it asserts a new or extreme theory of liability or improbable facts. See *Shull* v. *Pilot Life Ins. Co.*, 313 F.2d 445, 447 (5th Cir. 1963); 5 Wright & Miller, Federal Practice and Procedure § 1357 (1969 & Supp. 1982); *Coolidge Bank & Trust Co., supra.* Applying these

---

[1] The record appendix does not contain the notice of appeal, but we have examined the docket entries which are contained in the appendix and, from the original papers, the notice of appeal filed by the appellant. Mass.R.A.P. 8(a), and 18(a), as appearing in 378 Mass. 932, 940 (1979).

tests we cannot conclude that it is beyond doubt that the appellant can prove no set of facts in support of his claim under G. L. c. 229, § 2, which would entitle him to relief.

2. None of the three prior actions pending in our courts involved the same parties and issues and those actions would not be a proper basis for dismissal under Mass.R.Civ.P. 12(b)(9), 365 Mass. 755 (1974). See *Twomey* v. *Board of Appeals of Medford,* 7 Mass. App. Ct. 770, 776 n.11 (1979); Smith & Zobel, Rules Practice § 12.15.1 (1981 Supp.).

3. The complaint alleges that the parties' mother died on December 24, 1977. The complaint was filed on August 31, 1981. General Laws c. 229, § 2, then provided (as it does now), with exceptions not here relevant, that wrongful death actions must be commenced within three years of the date of death. However, the statute may be tolled. G. L. c. 260, § 12. *Gaudette* v. *Webb,* 362 Mass. 60, 71 (1972). The complaint alleges that the defendant first concealed and later denied the facts which are the basis of the complaint and that the appellant could not reasonably have discovered those facts earlier than July 27, 1979. There is no allegation as to the time of the alleged denial. Fraudulent concealment of a cause of action tolls the statute. G. L. c. 260, § 12. See, for discussion, *Brackett* v. *Perry,* 201 Mass. 502, 505 (1909); *Maloney* v. *Brackett,* 275 Mass. 479, 484 (1931); *Connelly* v. *Bartlett,* 286 Mass. 311, 317-319 (1934). The complaint further alleges that prior to the decedent's death the defendant "undertook" a fiduciary duty toward the appellant in his individual capacity and his sister. Where there is a fiduciary relationship the mere failure to reveal may be fraudulent. *Stetson* v. *French,* 321 Mass. 195, 198-199 (1947). While the appellant may be hard pressed to establish that the defendant "concealed the existence of a cause of action through some affirmative act done with intent to deceive," see *White* v. *Peabody Constr. Co.,* 386 Mass. 121, 133 (1982), quoting from *Frank Cooke, Inc.* v. *Hurwitz,* 10 Mass. App. Ct. 99, 108 (1980), or the existence of a fiduciary relationship which gave rise to a duty to disclose and on which the appellant could rely in this action, we think the allegations are sufficient to raise factual issues which should be resolved at trial.

The judgment of dismissal on the first count of the complaint, as to the appellant, as he is administrator of his decedent's estate, is reversed.

*So ordered.*

*Paul J. Jenkins,* pro se.