PRISCILLA CONANT *vs.* SHERWIN L. KANTROVITZ, P.C. No. 89-P-902. December 4, 1990. *Practice Civil*, Dismissal, Complaint, Service of process, Pendency of prior action. *Corporation*, Professional corporation.

The defendant presented a motion to dismiss the plaintiff's complaint in the Boston Municipal Court alleging in support three grounds: (1) insufficiency of service of process, Dist.Mun. Cts.R.Civ.P. 12(b)(5) (1975); (2) failure to state a claim upon which relief could be granted, rule 12(b)(6); and (3) pendency of a prior action in a court of the Commonwealth, rule 12(b)(9). A judge allowed the motion without opinion, and a judgment was entered dismissing the action. The Boston Municipal Court Appellate Division affirmed and dismissed the report. We reverse.

The judge was not obligated to state the ground on which he allowed the motion to dismiss. See Dist.Mun.Cts.R.Civ.P. 52(a) (1975). All of the grounds specified in the motion are open on appeal, see *Pupecki* v. *James Madison Corp.*, 376 Mass. 212, 215 (1978), and we will uphold the judge's action if there is any valid ground on which the motion should have been allowed. See *Alholm* v. *Wareham*, 371 Mass. 621, 625-626 (1976), and cases cited. The Appellate Division considered each of the grounds raised by the defendant and concluded, without explication, that (1) "the defendant corporation was never properly served with a complaint in accordance with the rules"; (2) the complaint failed to state any contractual relationship between the plaintiff and the defendant, and thus was properly dismissed under rule 12(b)(6); and (3) the subject of the complaint was also an issue in a pending divorce proceeding in a Probate Court between the plaintiff and Sherwin L. Kantrovitz, the sole stockholder (as well as the sole officer and director) of the defendant professional corporation.

1. It is undisputed that the complaint and summons were served on the defendant by a deputy sheriff leaving copies at the residence of Sherwin L. Kantrovitz, the sole stockholder, officer and director of the defendant. The defendant's only argument on appeal as to insufficiency of this service is that it was required to be made at the corporation's principal place of business. Although Dist.Mun.Cts.R.Civ.P. 4(d)(2) (1975), permits service on a "person in charge of the business at the principal place of business" it does not require such service. Delivery of a copy of the complaint and summons to an officer or managing or general agent is also sufficient. *Ibid.* See Smith & Zobel, Rules Practice § 4.10 (1974).

2. Taking the allegations, and favorable inferences therefrom, of the plaintiff's complaint as true, we do not think, under modern rules of pleading, that the complaint is so deficient as to be vulnerable to a rule 12(b)(6) motion. That is to say, we cannot conclude beyond doubt that the plaintiff could prove no set of facts in support of her allegations that she has a contractual claim against the defendant which would entitle her to relief. See *Jenkins* v. *Jenkins*, 15 Mass. App. Ct. 934, 934 (1983), and cases cited.

3. The ground of a prior pending action, rule 12(b)(9), is also insufficient. First, the present action does not involve the same parties as the pending divorce action. The defendant in this action is a professional corporation. See G. L. c. 156A, § 6(*a*) & (*b*), as appearing in St. 1985, c. 774, § 1. The principal of that corporation appears in his individual capacity in the divorce proceeding in the Probate Court. See *Jenkins* v. *Jenkins*, *supra* at 935. Contrast *Keen* v. *Western New England College*, 23 Mass. App. Ct. 84 (1986). Second, the claim presented in this case is essentially one of a contract right to repayment of a loan from the defendant corporation. The Probate Court does not have jurisdiction over such a claim. See G. L. c. 215, §§ 3 & 6. Presumably, the claims involved in the divorce action were for alimony and division of property under G. L. c. 208, § 34. See *Heacock* v. *Heacock*, 402 Mass. 21 (1988); *Apostolicas Properties Corp* v. *Richman*, 28 Mass. App. Ct. 671 (1990). Even if these apparent procedural difficulties to invocation of rule 12(b)(9) could have been overcome, they were not, as the scant material presented to the motion judge did not allow for informed decision whether the Probate Court case involved the same issues and parties as the Boston Municipal Court case.[1]

---

[1]The motion to dismiss simply concluded that the *subject matter* of the cases was the same, that the "alleged debt" to the plaintiff was listed on Kantrovitz's financial statement in the divorce action, and that the Probate Court had issued a restraining order. Attached to the motion were a copy of the plaintiff's motion in the Probate Court for a restraining order "relative to financial matters" and a vague mutual restraining order apparently agreed to by the parties.

Following the allowance of the motion to dismiss and about a month prior to the Appellate Division decision, a judgment of divorce nisi was

The order of the Appellate Division dismissing the report is reversed, the judgment is vacated, and the case is to stand for further proceedings in the Boston Municipal Court.

*So ordered.*

*Edmund M. Hurley* for the plaintiff.
*Jeffrey D. McLellan* for the defendant.

---

entered. A copy of the judgment is included in the appendix. We do not consider it in this appeal but note that certain orders, which may as a practical matter make the Boston Municipal Court action moot as to the plaintiff herself, indicate that the probate judge may not have considered on the merits any contract claim by the plaintiff against the defendant. An appeal from the divorce judgment has been entered by the plaintiff in this court.

