HARVARD COMMUNITY HEALTH PLAN, INC. *vs.*
LINDA ZACK.

No. 91-P-1467.

Norfolk. September 22, 1992. - December 3, 1992.

Present: BROWN, KASS, & IRELAND, JJ.

*Arbitration,* Issue preclusion, Scope of arbitration. *Health Maintenance Organization.*

In an action seeking a declaratory judgment with respect to the rights and obligations of a health maintenance organization and a subscriber under a health care service contract, the judge was not required to dismiss the complaint under Mass.R.Civ.P. 12(b)(6) or 12(b)(9) on the ground that the same parties had previously submitted contract issues to binding arbitration, where the arbitrator's ruling did not foreclose the judge from considering other issues in connection with the contract. [652-653]

In an action seeking a declaration of rights under a health care service contract, the judge correctly determined that under the terms of the contract, which was renewable yearly, the health maintenance organization (HMO) had given timely notice to its subscriber that it would enforce a limitation of benefits beginning with the next contract period, and the judge correctly ordered summary judgment for the HMO. [653-654]

CIVIL ACTION commenced in the Superior Court Department on February 20, 1991.

The case was heard by *Paul A. Chernoff,* J., on a motion for summary judgment.

*Margaret A. O'Reilly* for the defendant.

*John C. Kane, Jr.* (*Andrew C. Pickett* with him) for the plaintiff.

IRELAND, J. This is an appeal by the defendant, Linda Zack, from a judgment of a Superior Court judge allowing the plaintiff, Harvard Community Health Plan, Inc. (HCHP), to limit the physical therapy coverage provided to the defendant's two special needs children, both of whom re-

quire physical therapy on a regular basis. Zack claims that the trial judge erred: (1) in denying her motion to dismiss, because the issues presented had been previously decided by an arbitrator whose award was confirmed by a judge of the Superior Court; and (2) in allowing the plaintiff's motion for summary judgment, because it presented the same issues which had been or could have been presented to the arbitrator and thus were not open for redetermination. We affirm.

The facts are not in dispute. The defendant Zack has been an HCHP subscriber since 1976. HCHP provided unlimited physical therapy coverage for the Zack children until 1983. From 1983 until November, 1986, HCHP's agreement with Zack provided for "short-term" physical therapy; beginning in April, 1986 "short-term" benefits were limited to three months per illness. Notwithstanding the provision, the Zack children continued to receive unlimited benefits. In November, 1989, an HCHP benefits coordinator informed Zack that HCHP could no longer provide benefits to the Zack children in excess of the three-month period provided under the HCHP subscriber agreement. In February, 1990, HCHP, having provided benefits for three months, terminated further physical therapy benefits to Zack's two children.

On April 7, 1990, Zack sought arbitration of the termination of her physical therapy benefits pursuant to the subscriber agreement. An arbitration hearing was held on June 8, 1990. On July 19, 1990, the arbitrator entered an award in favor of Zack. The arbitrator found that the Zack family chose to maintain its membership in HCHP in part because of the unlimited physical therapy provided to the children. The award stated that "HCHP is estopped from relying upon, has waived or is precluded from asserting (by reason of laches) the three-month limit as to physical therapy with respect to the Zack family."

HCHP then filed a complaint in the Superior Court, seeking to vacate the arbitrator's award. On October 17, 1990, the judge allowed Zack's motion for summary judgment, confirming the arbitrator's award, and denied HCHP'S motion for summary judgment. Thereafter, in a letter dated

January 30, 1991, HCHP informed Zack that, effective May 1, 1991, the beginning of a new contract year of the contract between Zack's employer and HCHP,[1] HCHP would provide only the short-term physical therapy benefits stated in the subscriber agreement. Zack then filed a complaint for contempt in the prior Superior Court action.

Next, HCHP filed an action for declaratory judgment. In that action, Zack filed a motion to dismiss and HCHP filed a motion for summary judgment.[2] HCHP emphasized that the basis for the arbitrator's award had been Zack's claim of reliance on continued unlimited benefits. HCHP's January, 1991, notice to Zack concerning limited benefits, therefore, eliminated any waiver, estoppel, or laches-based justification for ordering HCHP to continue to provide unlimited physical therapy benefits in future contract years. Accordingly, HCHP argued, while the arbitrator found estoppel, HCHP claims that such estoppel only applied to that specific contract year (May, 1990 to April, 1991), and that HCHP was not estopped from enforcing the limitation on physical therapy benefits in future contract years. A hearing was held. With the parties' consent, the second Superior Court judge contacted the first judge who had confirmed the arbitrator's award. The first judge indicated that "he did not see his order as one which would mandate services ad infinitum." The second judge denied Zack's motion to dismiss and allowed HCHP'S motion for summary judgment. He further ordered that the arbitrator's order would expire on May 1, 1992. Zack appealed.

---

[1]The record contains two contracts. There is the subscriber agreement between HCHP and ·its members. There is also an agreement between HCHP and Zack's employer, to which Zack is not a party. Neither party has discussed whether any type of third-party beneficiary analysis concerning this second contract might be appropriate.

[2]The parties could have sought reconsideration by the arbitrator to clarify the precise meaning of his award. G. L. c. 251, § 9. *Trustees of Boston & Me. Corp.* v. *Massachusetts Bay Transp. Authy.*, 363 Mass. 386, 394-395 (1973). Cf. *Ciampa* v. *Chubb Group of Ins. Cos.*, 26 Mass. App. Ct. 941 (1988). At the motions hearing, both parties declined the court's "invitation to seek clarification from the arbitrator."

1. The defendant's first claim of error is that her motion to dismiss was improperly denied because the issues raised in the declaratory judgment action had been previously decided by the arbitrator whose award had been confirmed by the Superior Court. Therefore, the defendant argues, HCHP's complaint should have been dismissed pursuant to Mass.R.Civ.P. 12(b)(6) (res judicata) or 12(b)(9) (pendency of a prior action), 365 Mass. 755 (1974).

An action is subject to a motion to dismiss under Mass.R.Civ.P. 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Feeney* v. *Boston*, 13 Mass. App. Ct. 1004, 1005 (1982), quoting from *Nader* v. *Citron*, 372 Mass. 96, 98 (1977). *Jenkins* v. *Jenkins*, 15 Mass. App. Ct. 934 (1983). See also *Saisi* v. *Board of Trustees of State Colleges*, 6 Mass. App. Ct. 949 (1978) (raising the defense of prior adjudication by Mass.R.Civ.P. 12[b][6]). A dismissal under 12(b)(9) may be appropriate if the parties and issues are identical to those in the prior pending action. See Smith & Zobel, Rules Practice § 12.15.1 (1974 & Supp. 1992); *Lorenz, Inc.* v. *Northampton Natl. Bank*, 6 Mass. App. Ct. 933 (1978); *Yentile* v. *Howland*, 26 Mass. App. Ct. 214, 216 (1988).

In support of her argument, Zack contends that the issues presented by the declaratory judgment action already had been presented to the arbitrator. If two parties agree to submit their dispute to arbitration, the determination of the arbitrator is final and binding on the parties, even though the arbitrator may have committed an error of law or fact in reaching a decision. *J.F. Fitzgerald Constr. Co.* v. *Southbridge Water Supply Co.*, 304 Mass. 130, 134 (1939); *Geller* v. *Temple B'nai Abraham*, 11 Mass. App. Ct. 917, 918 (1981). The relevant portion of the subscriber agreement states, "Any decision of the arbitrator made in accordance with this provision shall be final and binding on the parties."

We agree with the trial judge's observation that the arbitrator's ruling is silent as to the term for the ordered benefits.

His determination did not preclude the interpretation that a new contract period begins each year.

If the arbitrator perceived an annual contract renewal between HCHP and the subscriber, then Zack's reliance on HCHP's practice of providing unlimited physical therapy to her children would only apply through the beginning of the next contract period. On the other hand, if the arbitrator saw not an annual contract, but an ongoing contract with HCHP, then the initial failure of HCHP to enforce the three-month limitation on physical therapy benefits against Zack would create a perpetual right to unlimited physical therapy benefits. "Although [an arbitrator's] award bars subsequent action on any matter specifically decided, it does not foreclose consideration of a question which might have been decided, but was not." *Louison* v. *Fischman*, 341 Mass. 309, 313 (1960). The arbitrator did not consider the duration of the contract between HCHP and Zack or the effect of HCHP's notification on its obligation to provide unlimited physical therapy coverage. The judge properly considered these issues. See *Conant* v. *Sherwin L. Kantrovitz, P.C.*, 29 Mass. App. Ct. 998, 999 n.1 (1990) (identity of subject matter alone is not enough to warrant dismissal).

2. Having determined that the issues were properly before the trial judge, we turn to the second claim of error: whether the judge properly granted summary judgment in favor of HCHP. A judge shall grant a motion for summary judgment if it is shown that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Mass.R.Civ.P. 56, 365 Mass 824 (1974). *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 553 (1976). *Cassesso* v. *Commissioner of Correction*, 390 Mass. 419, 422 (1983). On appeal from a grant of summary judgment, the reviewing court considers the facts in the light most favorable to the party opposing the motion. *Graham* v. *Quincy Food Serv. Employees Assn. & Hosp., Library & Pub. Employees Union*, 407 Mass. 601, 603 (1990).

We agree with the judge's determination that a new contract between HCHP and its members comes into existence

each year. HCHP set out its rights in the subscriber agreement, which is the "entire contract between the Member and HCHP." According to the language of the subscriber agreement, health care services are provided to enrolled members, subject to the terms of the subscriber agreement, "for the period the premium covers." Each year, subscribers are given an "open enrollment" period, from April 1 through April 30, during which they may make membership changes to enroll dependents with HCHP. HCHP reserves the right to revise the benefits provided to members, after designated notice, without the consent of members. These facts support a finding that the contract between HCHP and the subscriber was not perpetual but was renewed annually.

HCHP's letter of January 30, 1991, put Zack on notice that, after the April, 1991, "open enrollment" period for the 1991-1992 contract year, HCHP would apply the three-month limitation on physical therapy benefits to the Zack family. The plain language of the subscriber agreement had contained this limitation since 1986. At the time of the arbitration, Zack reasonably could have relied on the expectation of unlimited benefits since she was granted repeated "discretionary exceptions" to the limitation by HCHP representatives. Once timely notified of the change in benefits, however, Zack could no longer reasonably rely upon the expectation of unlimited physical therapy benefits.

In sum, Zack is not entitled to future unlimited physical therapy benefits in perpetuity due to the provision of such benefits in the past. See *Garvey* v. *Prudential Ins. Co.*, 596 F. Supp. 1119, 1124 (E.D. Pa. 1984) (plain terms of the contract precluded any "vested" right to unlimited private nursing benefits, and past benefits could be modified upon proper notice).

*Judgment affirmed.*