Travers, J.
This is an action for libel and intentional infliction of emotional distress arising from the publication of a letter in the Worcester Telegram and Gazette *325 in its editorial section on May 9, 1993. Defendants now move to dismiss the complaint pursuant to Mass.R.Civ.P. 12(b)(6).
BACKGROUND
The plaintiff (“Bowman”) was an employee of the Department of Public Welfare (“the Department”) from 1967 to 1991. In 1990, Bowman ran for the position of union president. During the campaign, a co-worker at the Department displayed around the office various nude and sexually explicit photographs with Bowman’s face superimposed on the pictures. Bowman filed suit against the Department and the coworker in Suffolk Superior Court which was eventually settled. [1 Mass. L. Rptr. 51 (1993).]
While the litigation was pending, a letter signed by Richard Williamson and 30 other people was published on May 9, 1993, in the Letters to the Editor column of the Sunday Worcester Telegram and Gazette newspaper.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), this court accepts as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991) and cases cited. “[The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
“[A] complaint is not subject to dismissal if it would support relief on any theoiy of law.” Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). Further, a complaint will not be' dismissed simply because it asserts a new or extreme theoiy of liability. New England Insulation Co. v. General Dynamics Corp., 26 Mass.App.Ct. 28 (1988); Jenkins v. Jenkins, 15 Mass.App.Ct. 934 (1983); Bell v. Mazza, 394 Mass. 176 (1985). All inferences are drawn in the plaintiffs favor. Ourfalian v. Aro Mfg. Co., Inc.. 31 Mass.App.Ct. 294, 296 (1991).
In order to succeed on her claim of libel the plaintiff must show that the words in question were not merely opinion. Expressions of opinion receive constitutional protection and their publishers are not subject to liability. Gertz v. Robert Welch, Inc., 418 U.S. 323 (1974). In the analysis of whether an expression is one of opinion, “(s]tatements alleged to be libelous must be interpreted reasonably.” King v. Globe Newspaper Co., 400 Mass. 705, 712 (1987) (citing Lyons v. New Mass Media, Inc., 390 Mass. 51, 60 (1983)).
In the instant case, it is fairly clear that the statements in question are an expression of opinion rather than fact. The comments were in the context of a letter of opinion to the newspaper editor.
Moreover, there is no indication that there are “undisclosed defamatory facts” which underlie the letter. See Aldoupolis v. Globe Newspaper Co., 398 Mass. 731 (1986) (statements less likely to be opinion if based on undisclosed facts). A reasonable interpretation of the letter indicates that it is an expression of the author’s view that the publicly-known litigation has been difficult for those involved. All the information in the letter is based on matters which were part of the public record. Moreover there is no indication that any of the information contained in the letter is false. Since the letter is an expression of opinion it is not defamatory.
In order to succeed on her claim for infliction of emotional distress, the plaintiff must allege that the actions were “outrageous” and beyond the bounds tolerable in a civilized society. See Agis v. Howard Johnson Co., 371 Mass. 140 (1976). The publishing of an opinion letter in a Letters to the Editor column which is neither false nor defamatory is not outrageous conduct of the newspaper. Thus, plaintiffs claim for the infliction of emotional distress should be dismissed.
ORDER
For the foregoing reasons, the court ORDERS that the defendant’s motion is ALLOWED and the complaint is DISMISSED.