Cowin, J.
On September 23, 1996, the plaintiff, Pamela J. Gibson, brought suit against the defendant, Everett J. Prescott, Inc., (Prescott) for declaratory relief by which she sought a determination that she was entitled to at least one-half of the money deposited with the Norfolk County Deputy Sheriff office to dissolve an attachment on property held in tenancy by the entirety. On January 13, 1997, this matter came before the Court for a hearing on defendant’s motion to dismiss under Mass.R.Civ.P. 12(b)(6). For the rea *535 sons stated below, the defendant’s motion to dismiss is ALLOWED.
BACKGROUND
For purposes of this motion, I accept as true the following facts alleged in the complaint. Plaintiff is a resident ofFoxboro, Massachusetts. She and her husband, James Gibson, owned as tenants by the entirety two lots of land in Canton, Massachusetts. Prescott brought suit against James Gibson and his construction company in Bristol County Superior Court seeking payment for material.[1] On March 19, 1996, as part of the Bristol County action, Prescott obtained a prejudgment security interest in the form of a real estate attachment in the amount of $60,000 which was recorded against the Canton property owned by the Gibsons.
Subsequent to the real estate attachment, the Gibsons attempted to sell one of the Canton lots. As part of the sale, James Gibson endorsed a check for $60,000 payable to Gibson to the Norfolk County Deputy Sheriff. Because of this payment, the attachment on both Canton lots was dissolved pursuant to G.L.c. 223, §128. The plaintiff claims that she is entitled to at least one-half of the proceeds from the sale of the property which were deposited with the Norfolk County Deputy Sheriff.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in plaintiffs favor. Eyed v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). “[The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [plaintiffs] claim which would entitle [plaintiff] to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); See also Charbonnier v. Amico, 367 Mass. 146, 152 (1975); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
“[A] complaint is not subject to dismissal if it would support relief on any theory of law.” Whitinsville Plaza, Inc., 378 Mass. at 89. Further, a complaint should not be dismissed simply because it asserts a new or extreme theory of liability. New England Insulation Co. v. General Dynamics Corp., 26 Mass.App.Ct. 28 (1988); Jenkins v. Jenkins, 15 Mass.App.Ct. 934 (1983); Bell v. Mazza, 394 Mass. 176 (1985). All inferences should be drawn in the plaintiffs favor, so as to do substantial justice. Ourfalian v. Aro Mfq. Co. Inc., 31 Mass.App.Ct. 294, 296 (1991).
“Merely because each spouse is ‘equally entitled to the rents, products, income or profits and to the control, management and possession of property held by them as tenants by the entirety,’ it does not follow that each has an equal one-half interest in the property. On the contrary, a tenancy by the entirety remains a unitary title, and the statute simply guarantees each spouse an equal right to the whole.” Coraccio v. Lowell Five Cents Savings Bank, 415 Mass. 145, 151 (1993).
Accordingly, when a property held in a tenancy by the entirety is attached, the entire property is attached, not just the debtor spouse’s interest in the property. “The attachment is simply a security device which protects the creditor’s interest in the property as against the debtor’s other creditors.” Id. Pending a judgment, a defendant has the option to free the title of an attached property by depositing money in the amount of the attachment with the attaching officer. See G.L.c. 223, §128.
According to the complaint (and the reasonable inferences drawn therefrom), when the property at issue was sold, James and Pamela Gibson received a check for the full amount due for the property. Sixty-thousand dollars of the sum paid was deposited with the sheriff in order to remove the attachment. This act resulted in the creditor having what is in effect a trustee attachment on the $60,000 fund held by the sheriff.
Ms. Gibson now claims one-half of the $60,000. However, based upon the allegations in her complaint, the reasonable inference is that part of the purchase price was used to remove the attachment with her permission. If this were the case, clearly she has no cause of action. The only other possibility is that part of the purchase price was used to remove the attachment without her agreement, i.e., that her husband defrauded her or took some other unauthorized act. If such were the case, her claim is against her husband for the money, not against the innocent third-party creditor. Any improper act by plaintiffs husband would only affect the creditor if the creditor had notice of it or were otherwise a participant. There is no allegation in the complaint that James Gibson defrauded Pamela Gibson or took any other unauthorized action. Similarly, the complaint does not allege that Prescott had notice of or participated in any fraud or other wrongdoing. Accordingly, there is no allegation ill the complaint that the creditor’s interest was affected in any way and the complaint should be dismissed.
ORDER
For the foregoing reasons, it is hereby ORDERED that the motion to dismiss of Everett J. Prescott, Inc. is ALLOWED. If is further ORDERED that a declaration enter, declaring that plaintiff is not entitled to one-half the $60,000 held by the Norfolk County Deputy Sheriff as a result of the judgment of the action, Everett J. Prescott v. James Gibson, et al., Bristol County Superior Court, Civil Action No. 96-0039.

Everett J. Prescott, Inc. v. James Gibson, et al., Civil Action No. 96-0039.