Fecteau, J.
This matter comes before the court on defendant Massachusetts Commission Against Discrimination's (“MCAD”) motion to dismiss. The plaintiff, The Jewish Nursing Home Center (the “Nursing Home”), brings the underlying preliminary injunction and declaratory judgment action seeking a declaration that the Nursing Home, as respondent in a complaint currently pending before MCAD, is entitled to remove the complaint to superior court in order to obtain a jury trial. MCAD moves to dismiss on the grounds that the Nursing Home has no right to a jury trial in the administrative proceeding before MCAD and since the Nursing Home failed to exhaust its administrative remedies, temporary injunctive relief is not available. For the following reasons, the defendant’s motion to dismiss is ALLOWED.
I. BACKGROUND
On January 11, 1993, Richard Elia filed a complaint with MCAD against the Nursing Home alleging discrimination in his employment due to his sex and sexual orientation. On April 11, 1995, MCAD issued a probable cause determination pursuant to 804 C.M.R 113(7)(a). A conciliation conference was held on August 8, 1995. The parties were unable to settle the matter, therefore, the case was certified by MCAD for a public hearing.
On August 24, 1995, the Nursing Home filed with MCAD an Amended Request to Investigating Commissioner for Permission to Remove Action to State Court. On August 30, 1995, MCAD denied the Nursing Home’s request to remove to Superior Court. The underlying complaint for declaratory judgment and injunctive relief was filed by the Nursing Home on September 15, 1995 and amended on December 11, 1996. In this complaint, the Nursing Home seeks a declaratory judgment that G.L.c. 151B entitles the respondent in a complaint filed before MCAD to elect removal of the claim from MCAD to Superior Court in order to preserve the respondent’s constitutional right to a trial by jury. In the alternative, the Nursing Home seeks a declaration that G.L.c. 151B is unconstitutional by failing to provide the Nursing Home, as the respondent to the MCAD complaint, with the right to a jury trial, and, therefore, fails to provide equal protection of the law to all litigants. The Nursing Home further seeks a declaration that the cap on damages contained in G.L.c. 231, §85K is applicable to employment discrimination claims brought under G.L.c. 151B. The Nursing Home seeks a preliminary injunction enjoining MCAD from certifying the complaint of Richard Elia for public hearing.
On August 28, 1996, MCAD filed a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6). MCAD moves to dismiss the Nursing Home’s complaint on grounds that, as a matter of law, the Nursing Home has no right to a jury trial in the administrative proceeding before MCAD and since the Nursing Home failed to exhaust its administrative remedies, temporary injunctive relief is not available. MCAD further asserts that the Nursing Home failed to establish that a preliminary injunction is necessary to avoid irreparable harm, or that any harm to the Nursing Home from the denial of an injunction would outweigh the harm caused to the public interest by granting the injunction. MCAD further requests, in the alternative, that the court report the matter to the Massachusetts Supreme Judicial Court for direct appellate review.
II. DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). “[The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); See also Charbonnier v. Amico, 367 Mass. 146, 152 (1975); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
“[A] complaint is not subject to dismissal if it would support relief on any theory of law.” Whitinsville Plaza, Inc. 378 Mass. at 89 (emphasis omitted). Further a complaint should not be dismissed simply because it asserts a new or extreme theory of liability. Bell v. Mazza, 394 Mass. 176 183 (1985); Jenkins v. Jenkins, 15 Mass.App.Ct. 934 (1983); New England Insulation *556 Co. v. General Dynamics Corp., 26 Mass.App.Ct. 28, 30 (1988). All inferences should be drawn in the plaintiffs favor so as to do substantial justice. Ourfalian v. Aro Mfg. Co., Inc., 31 Mass.App.Ct. 294 296 (1991).
Under G.L.c. 151 B, §9, any person aggrieved by a practice made unlawful under G.L.c. 15 IB is provided with the ability to essentially remove the complaint filed with MCAD to Superior Court in order to pursue a civil action for damages or injunctive relief or both.[2] The language of the statute does not provide respondents to MCAD complaints with the same option.
Here the plaintiff complains that it is in the unilateral right which a complainant has before the MCAD to remove a case for a jury trial which a respondent does not have, which violates the equal protection of the laws. Indeed if a complainant elects to remain before the MCAD both parties are limited to these administrative procedures. If a complainant elects to remove the case to the superior court, both parties have the right of a jury trial. Dalis v. Buyer Advertising, Inc., 418 Mass. 220, 226 (1994). This plaintiff wishes to exercise the same right of election to remove for a jury trial in the superior court which he would be denied if a complainant elected to remain in the MCAD forum.
It is the responsibility of the Legislature in enacting G.L.c. 151B to decide whether the procedural aspects of the statute attains the best solution for the parties to a complaint claiming unlawful discrimination.[3] Marcoux v. Attorney Gen., 375 Mass. 63, 72 (1978). To this end, the Legislature is allowed latitude within the bounds of the constitution to effect areas in which it is allowed to act. Id. at 70; Shell Oil Co. v. City of Revere, 383 Mass. 682, 688 (1981). “Once the Legislature has drawn a classification, ‘neither the finding of a court arrived at by weighing the evidence, nor the verdict of a jury can be substituted for it.’" Shell Oil Co. v. City of Revere, 383 Mass. at 688, quoting United States v. Carolene Products Co., 304 U.S. 144, 154 (1938).[4]Thus, it is not proper for this court to decide whether the removal aspect of G.L.c. 15IB, §9 is a denial of equal protection of the law to respondents of MCAD complaints.
Under current administrative procedures including G.L.c. 151B, the Nursing Home must demonstrate that it is an aggrieved party once the proceedings before the MCAD have concluded. Consequently, the Nursing Home must exhaust its administrative remedies with MCAD before seeking review in this court. Prior to exhausting administrative remedies, this court should not decide whether respondents may elect removal of an MCAD complaint, since it might prevail before the MCAD and thus show that no actual controversy exists. Similarly, this court should not decide whether charitable immunity under G.L.c. 231, §85K is applicable to the MCAD complaint filed against the Nursing Home, as it may likewise prevail. For these reasons, the Nursing Home’s complaint for declaratory judgment and request for injunctive relief must be dismissed for failure to state a claim upon which relief may be granted. Defendant MCAD’s motion to dismiss, therefore, is allowed.
ORDER
For the foregoing reasons, it is ORDERED that defendant’s motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) be ALLOWED.

G.L.c. 151B, §9 provides:
Any person claiming to be aggrieved by a practice made unlawful under this chapter may at the expiration of ninety days after the filing of a complaint with the commission or sooner if a commissioner assents in writing, but not later than three years after the alleged unlawful practice occurred bring a civil action for damages or injunctive relief or both in the superior or probate court for the county in which the alleged unlawful practice occurred or in the housing court within whose district the alleged unlawful practice occurred if the unlawful practice involves residential housing. The petitioner shall notify the commission of the filing of the action and any complaint before the commission shall then be dismissed without prejudice and the petitioner shall be barred from subsequently bringing a complaint on the same matter before the commission . . .

Deference to legislative judgments reflects an acknowledgment of the separation of powers and the “undesirability of the judiciary substituting its notions of correct policy for that of a popularly elected Legislature.” Shell Oil Co. v. City of Revere, 383 Mass. at 687, quoting Zayre Corp. v. Attorney Gen., 372 Mass. 423, 433 (1977).

Persons challenging the constitutionality of legislation under a violation of equal protection argument, may introduce evidence in support of a claim that the legislation is irrational, however, they will not prevail if, in view of the evidence made available to the Legislature, the question is at least debatable. Shell Oil Co. v. City of Revere, 383 Mass. 682, 688 (1981). “[Legislative bodies ‘are not required to convince the courts of the correctness of their legislative judgments.’ ” Id.., quoting Minnesota v. Clover Leaf Creamery Co., 449 U.S. 456, 464 (1981).