Hillman, J.
The complaint in this case contains the following allegations.
The plaintiffs owned a parcel of real estate located in Hopedale and Mendon, Massachusetts. Plaintiffs intended to develop that parcel of land into a seventeen lot subdivision.
On September 10, 1996, the Town of Hopedale voted to supply the plaintiffs’ subdivision with water in exchange for payment, and confirmed that vote by letter to the plaintiffs dated September 12, 1996. In reliance on that vote, the plaintiffs proceeded with construction of the subdivision. Subsequently, on March 12, 1998, the town of Hopedale voted against entering into an agreement with the Town of Mendon to provide water to the subdivision.
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the Court must accept as true the allegations of the complaint, as well as any reasonable inferences to be drawn from them in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991) and cases cited. A “complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. . .” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). “[A] complaint is not subject to dismissal if it could support relief on any theory of law.” Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
The defendants seek dismissal of Count III of the plaintiffs’ complaint, which alleges violations of the Massachusetts consumer protection statute, G.L.c. 93A, contending that as a municipality their actions do not fall within the purview of the consumer protection statute. “Chapter 93A contains no explicit indication that governmental entities are to be held liable under its provisions.” United States Leasing Corp. v. Chicopee, 402 Mass. 228, 232 (1988).
No Massachusetts case has explicitly held that municipalities and government entities are not subject to suit under G.L.c. 93A. In Morton v. Hanover, the court held that Chapter 93A “does not apply where municipal entities do not engage in trade or commerce . . . Political subdivisions of the Commonwealth continue to be excluded from cognizance as such ‘persons’ under c. 93A where, as here, they do not act in a business context.” Morton v. Hanover, 43 Mass.App.Ct. 197, 205-06 (1997) (holding that town’s imposition of water surcharge not “trade or commerce” under c. 93A).
It has not been decided, however, that G.L.c. 93A does not apply where a defendant municipality acts as a market participant, and engages in trade or commerce for its own benefit. In such a case, liability for *460 unfair and deceptive acts or practices in connection with that trade or commerce may lie. A complaint should not be dismissed merely because it asserts a new theory of liability. See Jenkins v. Jenkins, 15 Mass.App.Ct. 934 (1983). In the instant case, the plaintiffs allege that the Town of Hopedale agreed to provide water to their subdivision in exchange for payment for that water; as such, the Town of Hopedale was arguably involved in “trade or commerce” so as to bring it within the purview of G.L.c. 93A. Accordingly, the defendants’ motion to dismiss must be denied.
ORDER
For the foregoing reasons, it is therefore ORDERED that the Town of Hopedale’s motion to dismiss be DENIED.