Coven, J.
This is a Dist./Mun. Cts. R. A. D. A., Rule 8A expedited appeal of the allowance of the defendant-tenant’s Mass. R. Civ. R, Rule 12(b) (9), motion to dismiss the plaintiffs summary process complaint on the basis of the pendency of a prior action in the Land Court.
The record indicates that on June 23,1986, Gilbert Companies, Inc. (“Gilbert”) executed a commercial lease for a portion of a budding at 2067 Massachusetts Avenue in Cambridge which was owned by Henderson Carriage Development Trust (“Henderson”). The lease provided that it would commence on July 1,1986, but in no event later than September 1,1986, and would “expire five years after the commencement date.”
The lease was amended several times. The “Second Amendment,” dated March 15,1991, confirmed the assignment of the lease by Gilbert to defendant Thayer & Associates, Inc. (“Thayer”), and stated a lease expiration date of February 29, 1996.
The “Third Amendment” of November 16,1993 memorialized Thayer’s relocation from the second floor to the fifth floor of the building. It also provided for a lease expiration date of January 10,1999 and, pursuant to Section 21.01, granted Thayer an option to extend the lease for an additional five-year term upon written notice to Henderson at least six months prior to lease expiration.
In conjunction with its refinancing of the property in December, 1993, Henderson asked its tenants, including Thayer, to sign tenant certificates summarizing the terms of their leases. The “First Certificate” incorrectly stated that Thayer’s lease would expire on December 31, 1999 instead of January 10, 1999. Thayer either didn’t notice the error or failed to correct it, and signed and returned the First Certificate to Henderson.
In March, 1998, additional refinancing led Henderson to request that its tenants sign a “Second Certificate” confirming their lease terms. The expiration date given on Thayer’s Second Certificate was January 10, 1999, five years after the Third Amendment commencement date. Thayer signed and returned the Second Certificate. Henderson did not sign either the First or Second Certificate.
On November 12, 1998, Thayer served Henderson with written notice of its intent to exercise its option to renew the lease. Henderson immediately notified Thayer that the time for exercising its renewal option expired well before Thayer’s written notice. Henderson had by this time entered into negotiations with another *203 tenant, Industrial Economics, to expand its operations by leasing Thayer’s space.
On December 10,1998, Thayer filed an action in the Land Court, Thayer & Associates, Inc. v. Jonathan G. Davis as Trustee of the Henderson Carriage Development Trust (“the Land Court case”), seeking a declaratory judgment that it had timely exercised its option to renew its lease with Henderson and that the renewed lease would not expire until December 31, 2004. Henderson filed a counterclaim to obtain a writ of possession.
On February 8, 1999, Henderson filed this summary process action against Thayer to recover immediate possession of the commercial premises. The action was brought in the name of “Henderson Carriage Limited Partnership” and alleged that Thayer was unlawfully occupying the premises after the expiration of its lease term.
Thayer immediately moved to dismiss the summary process action on the grounds that 1) there existed a prior pending action in the Land Court, and 2) the summary process complaint did not name the owner of the property. Two days later, Henderson amended its complaint by designating the plaintiff as “Davis Investment Corp., as General Partner of Henderson Carriage limited Partnership.”
The court allowed Thayer’s motion to dismiss the action, and this appeal followed.
1. Embodying the “salutary and well established rules against claim splitting,” Yentile v. Howland, 26 Mass. App. Ct. 214, 216 (1988); Keen v. Western New England College, 23 Mass. App. Ct. 84, 87 (1986), Rule 12(b)(9) provides for the dismissal of a second action in which the parties and the subject matter are the same as those in a prior action still pending in a court of this Commonwealth. Dismissal is appropriate under Rule 12(b) (9) only where the parties and issues are identical to those in the prior pending action. Harvard Community Health Plan, Inc. v. Zack, 33 Mass. App. Ct. 649, 652 (1992); Gallagher v. Roach, 1982 Mass. App. Div. 279, 282.
There is some support in the record for Thayer’s argument that the Land Court case and this summary process action do in fact involve substantially the same subject matter and parties. The dispositive issue in both suits is the timeliness of Thayer’s exercise of its option to extend the lease. As to the parties, an affidavit filed by a Davis Management Co. officer in opposition to Thayer’s motion clarifies that Henderson Carriage Limited Partnership, the summary process plaintiff by its general partner, is the successor in interest on Thayer’s lease, having apparently acquired the commercial premises in question from Henderson Carriage Development Trust, the entity named in the Land Court case.
Dismissal under Rule 12(b)(9) cannot be granted, however, where the second action presents a claim over which the court in the prior action does not have jurisdiction. See Conant v. Kantrovitz, 29 Mass. App. Ct. 998, 999 (1990). Henderson’s claim in this case is not simply one for possession, but is a claim for eviction by summary process. The Land Court has no jurisdiction in such a case. The only four departments of the Massachusetts Trial Court with jurisdiction in summary process actions are the Superior Court, District Court, Housing Court and Boston Municipal Court. G.L.C. 239, §2; G.L.c. 185C, §3; G.L.C. 4, §7(56). See Commentary, Uniform Summary Process Rule 1. The jurisdiction of the Massachusetts Land Court, as defined by G.L.c. 185, §1, does not include summary process actions.
The distinction between this action and Henderson’s Land Court counterclaim for possession is, quite simply, the speed of the remedy afforded by G.L.c. 239, §§1-13. Summary process is á “purely statutory procedure ... and can be maintained only in the instances specifically provided for in the statute.” Nalbandian v. Patrizzi, 369 Mass. 477, 480 (1976). See also Cummings v. Wajda, 325 Mass. 242, 243 (1950). The statutory procedure is designed to secure the “just, speedy and inexpensive determination” of disputes between landlords and tenants. Hodge v. Klug, 33 Mass. App. Ct. 746, 755 (1992). See also Attorney General v. Dime Savings Bank of N.Y., FSB, 413 Mass. 284, 290-291 (1992); Cambridge Housing Auth. v. Burney, 1998 Mass. App. Div. 162, 165. As the Commentary to Rule 1 of the Uniform *204 Summary Process Rules explains,
These rules seek to reconcile two competing principles. The first is that time is of the essence in eviction cases. This is based on the notion that real estate constitutes unique property and that because it generates income, time lost in regaining it from a party in illegal possession can represent an irreplaceable loss to the owner. The Legislature clearly recognized these factors in creating a special chapter of the General Laws establishing a ‘summary’ procedure.
The need, then, is for rules that will ensure expeditious proceedings and yet comprehend all potential substantive and procedural complexities. It is believed that these rules meet that need ... and are to be construed and applied so as ‘to secure the just, speedy, and inexpensive determination’ of summary process actions.
In short, Henderson is entitled to summary process, and no anticipatory action by Thayer can “be permitted to derail the cause from the express track which summary process is supposed to afford.” Lawless-Mawhinney Motors, Inc. v. Mawhinney, 21 Mass. App. Ct. 738, 742 (1986).
2. While the dispositive issue in both actions is simply the effective expiration date of Thayer’s lease, Thayer complains that it will not get a fair and full airing of this issue in a summary process proceeding and that Land Court review is essential. We note that Thayer might have pursued an administrative alternative to “consolidate” the actions in question.
Pursuant to G.L.c. 211B, §9, the Chief Justice for Administration and Management of the Trial Court (“CJAM”) is authorized to assign a judge appointed to any Department of the Trial Court to sit in any other Department for a period of time as the expeditious dispatch of judicial business may require. Trial Court Rule XII states that if two or more actions are pending in different departments of the Trial Court, and if a judge, clerk, register or party determines that the separate actions are related and involve substantially the same or similar issues and parties, a request may be made for the CJAM to make an appropriate “interdepartmental assignment so that one judge may hear all related matters.” Such assignments are made, inter alia, to “promote speedy disposition of cases, reduce duplication of hearings and promote judicial economy when each pending action will require a hearing or trial.” Id. See generally Konstantopoulos v. Whately, 384 Mass. 123, 129-130 (1981); Glick v. Greenleaf, 383 Mass. 290, 295 n.7 (1981).
Either party in this case could have requested an interdepartmental assignment so that Henderson’s right to summary process was protected,[2] and Thayer’s interest in Land Court review might have been served.
The judgment of dismissal is hereby vacated, and the allowance of defendant Thayer’s Rule 12(b) (9) motion to dismiss is reversed.
So ordered.

 The “consolidation” of a summary process action with a prior, related action filed by a tenant would result in “an overlay of [the] summary process action [which] might serve to direct the consolidated cause onto the fast track contemplated by the Legislature.” Lawless-Mawhinney Motors, Inc. v. Mawhinney, supra at 743. See Holmes Realty Trust v. Granite City Storage Co., 25 Mass. App. Ct. 272, 279 (1988).