Wilson, Paul D., J.
Plaintiff Benoit is a former employee of the Defendant City of Boston. Benoit recently resigned on the same day that he pleaded guilty to crimes he committed while performing his official duties. His resignation, he argues, entitles him to the resumption of workers’ compensation payments that the Ciiy had been making before his indictment. In this Memorandum of Decision, I conclude that he is incorrect, and I dismiss this lawsuit.
Background
The following facts axe found in the Complaint, or in two decisions, described in more detail below, issued by the Department of Industrial Accidents and by Judge Giles of this court, respectively, in other litigation between these parties.[1]1 take these facts as true for purposes of a motion to dismiss. Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008).
The Public Health Commission of Defendant City of Boston employed Benoit as a paramedic. In September 2011, Benoit filed a claim for a work-related injury, and the City made workers’ compensation payments to him from September 5, 2011 until August 4, 2012.
Shortly thereafter, on October 31, 2012, Benoit was indicted by a Suffolk County grand juiy on 73 counts of stealing controlled substances from city ambulances, adulterating the remaining controlled substances to hide his thefts, and leaving those adulterated medications in circulation for use on members of the public who received emergency care. The City suspended Benoit on November 8,2012, eight days after his indictment.
Benoit filed a claim contesting termination of his workers’ compensation benefits. In 2014, an Administrative Law Judge at the Department of Industrial Accidents (“DIA”) issued a decision (the “DIA Decision”) directing the City to pay workers’ compensation benefits to Benoit. The DIA Decision did not mention the pending criminal charges, or the fact that Benoit was under suspension as a result. Believing that it could not pay workers’ compensation to a suspended and indicted employee, the City did not comply with the DIA Decision, instead appealing it to a DIA review board.
That is where things stood on November 24, 2014, when Benoit filed an earlier lawsuit in this court entitled Benoit v. City of Boston, Civil Action No. 14-3686-B (the “First Lawsuit”). The City moved to dismiss the First Lawsuit. After a hearing, Judge Giles issued a Memorandum of Decision and Order dated February 5, 2015 (the “First Lawsuit Decision”) dismissing the complaint. She reasoned that M.G.L.c. 268A, §25 (“section 25”) precluded enforcement of the DIA Decision because section 25 prevents the City from paying compensation, including specifically workers’ compensation payments, to an employee while he is suspended and under indictment. Benoit has appealed the First Lawsuit Decision, and that appeal is still pending.
On August 5, 2015, exactly six months after Judge Giles issued the First Lawsuit Decision, Benoit pleaded guilty to one felony count and 17 misdemeanor counts. That same day, Benoit resigned his employment with the City.
On November 3, 2015, Benoit initiated this second lawsuit by filing a “Complaint Seeking a Short Order of Notice Enforcing the Decision and Order” of the DIA. After reviewing that Complaint, I scheduled a hearing to consider whether to issue the requested short order of notice, or whether to dismiss this lawsuit as dupli-cative of the First Lawsuit. The City then filed a motion to dismiss, to which Benoit responded. I held a hearing *168 on December 8, 2015. In this Memorandum of Decision and Order, I will allow the City’s motion to dismiss.
Analysis
1. Pendency of a Prior Action
Mass.R.Civ.P. 12(b)(9) permits a court to dismiss a lawsuit based on “(p)endency of a prior action in a court of the Commonwealth.” A court should dismiss a lawsuit if another pending action involves identical parties and issues. Harvard Cmty. Health Plan, Inc. v. Zack, 33 Mass.App.Ct. 649, 652 (1992). A lawsuit is pending within the meaning of Rule 12(b)(9) when a trial court decision in that lawsuit is on appeal. Keen v. Western New England Coll., 23 Mass.App.Ct. 84, 85 (1986).
The First Lawsuit is still pending, because the Appeals Court has not yet decided Benoit’s appeal of the First Lawsuit Decision. Benoit argues, however, that this lawsuit raises different issues because two facts have changed since Judge Giles dismissed the First Lawsuit.
First, the decision of the DIA administrative law judge has now been affirmed by a DIA review panel. I conclude that this fact is irrelevant. The effect of section 25 is beyond the scope of the DIA proceedings, which is why the DIA Decision does not mention Benoit’s indictment or resulting suspension. Because it is not DIA’s function to consider the effect of section 25 on the City’s workers’ compensation obligations, it adds nothing that DIA has now decided twice, rather than once, that the City should make workers’ compensation payments to Benoit.
The second changed fact, Benoit states, is that he is no longer under suspension. Benoit points out that Judge Giles ruled that section 25, which she referred to as “the suspension statute,” “precludes a suspended and indicted employee from receiving workers’ compensation during the period of suspension.” First Lawsuit Decision at 4. Because of his recent resignation, Benoit argues, he is no longer a suspended City employee. Benoit makes clear that in this second lawsuit he is not seeking workers’ compensation payments for the period that he was under suspension (as he was in the First Lawsuit), but rather for the period since his resignation (and apparently for a short period between the City’s cessation of payments and his indictment or suspension).
Whether Rule 12(b)(9) applies here is a close question. At the motion to dismiss stage, I must consider Benoit’s allegations generously and in favor of Benoit, the nonmoving party. Vranos v. Skinner, 77 Mass.App.Ct. 280, 287 (2010). Applying that standard, I decline the City’s invitation to dismiss the Complaint under Rule 12(b)(9).
2. Interpretation of Section 25
M.G.L.c. 268A, §25 first provides that a municipal employer may suspend an employee who “is under indictment for misconduct in such office.” If an employee is “so suspended,” section 25 goes on to say, the employee “shall not receive any compensation or salary during the period of suspension.” In the First Lawsuit Decision, Judge Giles found that workers’ compensation payments constitute “compensation” within the meaning of section 25, and Benoit does not challenge that decision in the current lawsuit (although apparently he does in his appeal of the First Lawsuit Decision).
Benoit’s argument that he is entitled to resumption of workers’ compensation payments is simple. Benoit contends that “since August 5, 2015 [the date of his resignation as a City employee], Mr. Benoit is no longer suspended per G.L.c. 268A and the DIA’s order need be enforced.” Plaintiffs Brief in Opposition to Motion to Dismiss at 10.
This argument ignores the portion of section 25 that entitles a formerly-indicted employee to collect the compensation that he would have been entitled to had he never been indicted. On this point, section 25 provides, “If the criminal proceedings against the person suspended are terminated without a finding or verdict of guilty on any of the charges on which he was indicted, his suspension shall be forthwith removed, and he shall receive all compensation or salary due him for the period of his suspension ...”
Benoit’s suspension was not “terminated without a finding or verdict of guilty on any of the charges on which he was indicted.” Rather, he resigned his position, with the suspension still in place, on the day that he pleaded guilty to 17 of the charges on which he was indicted. Even if it could be fairly said that his suspension was terminated by his resignation—a proposition that is debatable at best—his suspension was not terminated in a way that entitles him, under the statute, to receive past workers’ compensation payments.
Given the legislative purposes underlying section 25, he has no greater rights to future, post-resignation compensation. As the Supreme Judicial Court has explained,
By its express terms, [section 25] contemplates that payment for a period of suspension shall occur if, and only when, the employee is entitled to removal of his suspension. The suspended employee, of course, is entitled to removal of his suspension, only when the “criminal proceedings” against him terminate “without a finding or verdict of guiliy on any of the charges on which he was indicted.”
Brittle v. City of Boston, 439 Mass. 580, 584 (2003).
The Brittle court pointed out that the obvious legislative purposes behind section 25 were, on the one hand, to ensure that a person indicted for misconduct in office should no longer continue to perform his duties or to be paid, see id. at 586, and, conversely, “to ensure that a suspended public employee is fully *169 compensated if no misconduct by him is established.” Id. It would do violence to these legislative purposes to order the City to make workers’ compensation payments to Benoit starting from the date that he resigned his position—the same date on which he pleaded guilty to crimes in which he betrayed his public trust.
Conclusion and Order
In pointing out two changed circumstances since Judge Giles issued the First Lawsuit Decision, Benoit has downplayed a third, even more significant change: Benoit has now pleaded guilty to committing 17 of the crimes that resulted in his suspension. As the City correctly points out in its brief, ordering the City to pay workers’ compensation to Benoit would be to treat Benoit as if he had been acquitted, not convicted, of crimes charged in his indictment.
As a matter of law, M.G.L.c. 268A, §25 prohibits the relief Benoit seeks in this lawsuit. Defendant’s Motion to Dismiss Complaint is ALLOWED, and this case is DISMISSED.

 I may consider these two decisions at the motion to dismiss stage because Benoit attached them to the Complaint. See Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000).