# United States Court of Appeals
## For the First Circuit

No. 02-1473

AARON STAELENS; NADINE STAELENS,

Plaintiffs, Appellants,

v.

LYNN DOBERT; RONALD DOBERT,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Michael A. Ponsor,  U.S. District Judge]

Before

Torruella, Circuit Judge,
Stahl, Senior Circuit Judge,
and Howard, Circuit Judge.

G. David Sharp, with whom Corash and Zurn, LLP was on brief, for appellants.
John S. Ferrara, with whom Dalsey, Ferrara, & Albano was on brief, for appellees.

February 5, 2003

**STAHL**, **Senior Circuit Judge**. This case involves a motor vehicle accident, in which defendant-appellee Lynn Dobert struck a gasoline tanker driven by plaintiff-appellant Aaron Staelens, who three to five hours after the collision injured his knee when he tripped over a piece of equipment left by a state employee investigating the accident. Staelens and his wife sued Dobert and her husband, alleging that Dobert's negligence proximately caused Staelens's injuries. The district court granted summary judgment in favor of the Doberts; we affirm.

## I.

As this case comes to us on a grant of summary judgment, we relate the facts in the light most favorable to the Staelens, drawing all reasonable inferences in their favor. Crawford v. Lamantia, 34 F.3d 28, 31 (1st Cir. 1994). At approximately 6:00 p.m., on December 17, 1997, Dobert negligently drove her automobile into a gasoline tanker driven by Staelens. State Police, including an accident reconstruction team, firefighters, and an ambulance arrived on scene. Although Staelens escaped injury from the impact, Dobert did not, and was transported from the scene by an ambulance. After the reconstruction team completed its investigation, a Department of Transportation ("DOT") inspector arrived to inspect the tanker. Finished with inspecting the tanker's lights, the DOT inspector told Staelens that he could turn them off. As Staelens approached the door to the cab, he stepped

-2-

on a creeper,[1] which had been left out by the DOT inspector, fell onto his back, and injured his knee. Staelens's fall occurred three to five hours after the initial impact.

After limited discovery, the Doberts filed a motion for summary judgment, contending that the DOT inspector's negligence was an intervening and superseding cause that relieved the Doberts of liability. The district court agreed and granted the motion solely on that ground.[2]

## II.

Under Massachusetts law, "[i]n addition to being the cause in fact of the injury [the but for cause], the plaintiff must show that the negligent conduct was a proximate or legal cause of the injury as well." Kent v. Commonwealth, 437 Mass. 312, 320, 771 N.E.2d 770 (2002). To establish proximate cause, a plaintiff must show that his or her injuries were within the reasonably foreseeable risks of harm created by the defendant's negligent conduct. Id.; Poskus v. Lombardo's of Randolph, Inc., 423 Mass. 637, 639-41, 670 N.E.2d 383 (1996). Generally, intervening negligent conduct of a third person will not relieve the original tortfeasor from liability where such conduct was reasonably

---

[1]A creeper is a flat board with underlying wheels used to inspect the underside of a vehicle.

[2]The negligence of the relevant actors--Dobert, the DOT inspector, and Staelens--was not an issue before the district court.

foreseeable. <u>Poskus</u>, 423 Mass. at 639-40, 670 N.E.2d 383; <u>Jesionek</u> v. <u>Mass. Port Authority</u>, 376 Mass. 101, 105-06, 378 N.E.2d 995 (1978).

Although the question of proximate cause--<u>i.e.</u>, whether a risk of harm was reasonably foreseeable--is ordinarily for the jury, summary judgment may be appropriate when the evidence and the reasonable inferences drawn therefrom lead to but one conclusion. <u>Kent</u>, 437 Mass. at 320-22, 771 N.E.2d 770; <u>Poskus</u>, 423 Mass. at 636-41, 670 N.E.2d 383; <u>Young</u> v. <u>Atlantic Richfield Co.</u>, 400 Mass. 837, 842, 512 N.E.2d 272 (1987). This is such a case: no jury could conclude that it was reasonably foreseeable that, three to five hours after the collision, Staelens would trip over a piece of equipment brought to the scene sometime after the accident by a state employee inspecting the tanker. Staelens suffered no injury from the collision itself nor from any risk of harm resulting therefrom; <u>e.g.</u>, he did not slip on fluids or trip over debris from the vehicles involved in the accident. Instead, Staelens's injury resulted from an independent agency, the DOT inspector's conduct, after the risks of harm resulting from Dobert's negligent conduct had come to rest. Indeed, as we have said, three to five hours passed without incident.

To find in favor of Staelens would be to substantially extend the scope of reasonable foreseeability as set forth in Massachusetts case law and stretch the concept beyond reason, a

-4-

course we decline to follow. Dobert did not become an insurer of Staelens's safety against all conceivable harms merely because she struck the tanker he was driving. As instructed by the Massachusetts Supreme Judicial Court, "[t]here must be limits to the scope or definition of reasonable foreseeability based on considerations of policy and pragmatic judgment." Poskus, 423 Mass. at 640, 670 N.E.2d 383; see also Kent, 437 Mass. at 320-21, 771 N.E.2d 770; Dan B. Dobbs, The Law of Torts, ch. 10, § 180, at 443 (2001) ("The proximate cause issue, in spite of the terminology, is not about causation at all but about the appropriate scope of responsibility."). Otherwise, liability would extend endlessly, one harm leading inevitably to others. In sum, the undisputed facts would not permit a fair-minded jury to conclude that Staelens's injuries were within the reasonably foreseeable risks of harm resulting from Dobert's negligent conduct.

**Affirmed**, costs to appellees.