Josephson, J.
The defendants Broan Manufacturing Company, Inc., Broan-NuTone LLC, Inc., NuTone, Inc. and Norteck, Inc. have moved the Court to reconsider its denial of their motion to dismiss or in the alternative to permit them to renew their motion to dismiss. I have reviewed the pleadings, submissions and attachments thereto, including the defendants’ Motion for Reconsideration, the Plaintiffs Opposition to the Motion for Reconsideration, Supplemental Memorandum in Opposition to Motion for Reconsideration or for Renewal of Motion to Dismiss, Plaintiffs Response to Reply Memorandum in Support of Motion for Reconsideration or for Renewal of Motion to Dismiss, Defendant’s Motion to Dismiss, Admiral Insurance Company’s Opposition to Defendants’ Motion to Dismiss defendant’s Request for Leave to File Reply and Plaintiff Patel’s Opposition to Defendants’ Motion to Dismiss. For reasons herein stated, the motion to reconsider is allowed and the motion for dismissal is allowed.
BACKGROUND
The plaintiff has asserted a product liability claim, based on negligence and breach of warranty arising from the manufacture and sale of a defective ceiling fan. The claim asserts that on July 29, 1999, the ceiling fan caused a fire in a building located at 266-268 Race Street, Holyoke, Massachusetts which was owned by Kirit Patel and insured by the plaintiff. On August 5, 1999, six days after the initial fire, an incendiary fire occurred at the same building when unknown persons gained access to it. In the motion before me, the defendants moved for dismissal of that portion of the complaint claiming damages arising from the second fire. I dismissed the claim alleging *603 strict liability, but denied the motion with respect to the remaining claims without discussion. The plaintiff was permitted to and did file an amended complaint.
A second judge heard a similar motion to dismiss in a related case that has now been consolidated with the initial case, Patel v. Broan Manufacturing et al., Hampden County Civil Action 02-784. In that case, the Court (Curley, J.) denied the defendant’s motion, deferring to my earlier ruling, but issued a detailed Memorandum of Decision expressing his opinion that the defendants’ arguments were strong. The defendants urge in their motion that I adopt the reasoning of Judge Curley, and argue that but for my denial of the motion, Judge Curley would have granted the motion based on the strength of the defendants’ argument. In addition to Judge Curley’s detailed and careful analysis, the defendant also relies on a subsequent appellate decision in arguing its motion.
The plaintiff argues that the motion is untimely as the motion to reconsider was brought nine months after the initial motion I denied and eight months after Judge Curley’s ruling. The plaintiff, further argues that the authority quoted in the case argued before Judge Curley was different than that argued before me, as noted by Judge Curley in his decision and further that Judge Curley denied the motion in an apparent attempt to avoid further litigation by way of reconsideration or otherwise. And finally, the plaintiff argues that no issues for judicial consideration have been presented in the motion for reconsideration.
DISCUSSION

Motion for Reconsideration

The plaintiff first argues that the motion for reconsideration is untimely as it has been brought some seven months after the initial motion despite the representation in November that one would be brought. That the motion could have been brought sooner does not preclude the Court from considering it under appropriate circumstances. While as the plaintiff points out, the Rules of Civil Procedure are intended to secure the just, speedy and inexpensive determination of actions, in my view denying reconsideration where those same ends would be better achieved by reconsideration constitutes a greater contravention of the Rules. Mass.R.Civ.P. 1. Similar logic applies to the contention that because Judge Curleys denial was an attempt to avoid further litigation, such as a motion to reconsider, the issue should not be reconsidered, in that it is more desirable to allow a motion to reconsider than to permit a clearly futile claim to go forward through time-consuming and costly pretrial and trial proceedings.
The plaintiff is correct in stating that Judge Curley noted that the authority cited to him was different than the authority cited in the case before me. The matter has been consolidated since that time and the authority cited in the consolidated case has been brought to my attention. While there is no duty to reconsider an issue once decided, the Court retains the power to do so. King v. Globe Newspaper Co., 400 Mass. 705 (1987). It is also true that “judges do not lightly reverse their decisions.” Franchi v. Stella, 42 Mass.App.Ct. 251, 258 (1997). “Nonetheless, it is more important for a judge to do justice according to [the judge’s] oath and conscience than to avoid adverse criticism. If further reflection convinces [the judge of error] in an announced decision, [the judge] ought to correct [that] error while [the judge] still has the power.” Id. at 258 quoting, Sheriff v. Gillow, 320 Mass. 46, 49 (1946). It would be awaste of judicial and other resources to require the matter to go forward, if it appears inexorable to the judge that when the renewed motion or motion for summary judgment is presented it will be decided in the defendant’s favor. This is such a case.

Motion to Dismiss

In evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the allegations of the complaint as well as any reasonable inferences to be drawn from them in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. It is well-established that a motion to dismiss under Mass.R.Civ.P., Rule 12(b)(6) should not be allowed unless “it appears certain that the complaining parly is not entitled to relief under any state of facts which could be proved in support of his claim.” Spinner v. Nutt, 417 Mass. 549, 550 (1994). “The plaintiffs need only surmount a minimal hurdle to survive a motion to dismiss for failure to state a claim.” Bell v. Mazza, 394 Mass. 176, 184 (1985). Accordingly, “dismissals on the basis of pleadings, before facts have been found, are discouraged.” Gennari v. City of Revere, 23 Mass.App.Ct. 979, 980 (1987), citing Fabrizio v. Quincy, 9 Mass.3App.Ct. 733, 734 (1980) (citations omitted).
In deciding a motion to dismiss the court must accord the complaint a “generous reading.” New England Insulation Co. v. General Dynamics Corp., 26 Mass.App.Ct. 28, 29 (1988). Any inferences drawn from a pleading should be “construed so as to do substantial justice.” Ourfalian v. Aro Manufacturing Co., 31 Mass.App.Ct. 294, 296 (1991), citing Nader v. Citron, 96, 98, 104 (1977), and Mass.R.Civ.P. 8(f). Further, “a complaint is not subject to dismissal if it could support relief on any theory of law,” Whitinsvilie Plaza, Inc,, supra at 89 (citations omitted), “even though the particular relief [which plaintiff] has demanded and the theory on which he seems to rely may not be appropriate.” Nadar, supra at 104 (citations omitted). “A complaint should not be dismissed simply because it asserts a new or extreme theory of liability or improbable facts.” Jenkins v. Jenkins, 15 Mass.App.Ct. 934, 934 (1983). See also New England Insulation Co., supra at 30. “[I]t is important that new legal theories be explored and assayed in the light of actual facts rather than a pleader’s suppositions.” New England Insulation Co., supra at 30, quoting 5 Wright & Miller, Federal Practice and Procedure §1357, at 603 (1969 & supp. 1987). “Doubt or misgivings whether the *604 present claim can be ranked as provable (or even credible) ... is not a proper basis for dismissal.’’ Wrightson v. Spaulding, 20 Mass.App.Ct. 70, 72 (1985), rev. denied, 395 Mass. 1103 (1985). Amotion to dismiss is not en appropriate vehicle for “resolv[ing] undecided points of substantive law.” M. Aschheim Co. v. Turkanis, 17 Mass.App.Ct. 968 (1983), citing Jenkins, supra.
In essence, the plaintiff claims that the defendants by virtue of being engaged in the design, manufacture, distribution, and/or sale of a defective ceiling vent fan which caused a fire are liable for an arson six days later. The plaintiffs must be able to prove that the defendants’ conduct was both the cause in fact and the proximate, or legal cause of the injury. Kent v. Commonwealth, 437 Mass, 312, 320 (2002). To establish proximate cause, the plaintiff must show that the injury complained of was within the foreseeable risks of harm created by the negligent conduct of the defendant. Poskus v. Lombardi’s of Randolph Inc. 423 Mass. 637, 639-41 (1996). Proximate cause of an injury depends not on factual causation, but rather on whether the injury to the plaintiff was a foreseeable result of the defendant’s negligent conduct. Kent, supra at 320. Where the facts of a complaint acknowledge that a third party’s intentional act intervenes to cause the harm alleged, dismissal is required. Id. at 322. In Kent, the court held that the subsequent action by the INS in releasing a parolee who then shot the plaintiff constituted a superseding cause of harm that relieved the defendant, the Commonwealth who paroled the shooter, of liabiliiy as a matter of law. Id. at 321. That the injury in Kent occurred eight years after the allegedly negligent act of the defendant, does not preclude the reasoning from being applicable in this case.
In support of their claim that the plaintiff cannot prevail as a matter of law, the defendants also rely on Staelens v. Dobert, 318 F.3d 77 (1st Cir. 2003), wherein the District Court refused to allow a claim against a negligent driver for injuries to a plaintiff who some three to five hours after the accident tripped on equipment left at the scene by police investigators. Similarly to the difficulty the plaintiff in Staelens encountered in proving his claim, the plaintiff here is not able to prove that an arson six days later was a foreseeable result of the defendants’ negligent conduct in the sale, manufacture or distribution of a defective ceiling fan. “To find in favor of [the plaintiff] would be to substantially extend the scope of reasonable foreseeability- as set forth in Massachusetts law and stretch the concept beyond reason.” Staelens, at 77. The arson six days after the fire caused by the ceiling fan cannot be other than a superseding cause and therefore as a matter of law cannot be legal tause of injury under the facts in this case as alleged in the complaint even under the most generous reading. New England Insulation Co., supra at 29. Here, it “appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader, supra at 98, quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Charbonnier v. Amico, 367 Mass. 146, 152 (1975); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). Although generally issues of negligence and causation are best left to a juiy to decide, there is no set of facts that the defendant could prove that would entitle him to relief in this case.

CONCLUSION

Accordingly, the defendants’ motion to reconsider is ALLOWED. Having reconsidered the matter, the motion to dismiss so much of the Amended Complaint as alleges the defendants are liable for damages arising from a fire occurring on August 5, 1999 is ALLOWED.