MHA FINANCIAL CORP. and Charles
W. Hoilman, Plaintiffs,

v.

VARENKO INVESTMENTS LIMITED,
Maria–Pia De Fusco and Richard
C. Wolfe, Defendants.

Civil Action No. 08–10029–NMG.

United States District Court,
D. Massachusetts.

Sept. 26, 2008.

Mark Goldstein, Wolfe & Goldstein, PA, Miami, FL, Keith A. Minoff, Robinson, Donovan, P.C., Springfield, MA, for Defendants.

Mitchell J. Matorin, Matorin, Law Office LLC, Needham, MA, for Plaintiffs.

## MEMORANDUM & ORDER

GORTON, District Judge.

The plaintiffs, MHA Financial Corp. ("MHA") and Charles W. Hoilman ("Hoilman") (together "Plaintiffs") assert state law claims for abuse of process, malicious prosecution and intentional interference with contract against defendants, Varenko Investments Ltd. ("Varenko"), Richard Wolfe ("Wolfe") and Maria–Pia De Fusco ("De Fusco") (together "Defendants"), for their role in filing a lawsuit in Florida state court. The Defendants have filed a motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) and on the grounds that absolute privilege bars Plaintiffs' claims.

## I. *Factual Background*

Plaintiff Hoilman is a Massachusetts citizen and an attorney with the law firm of M & A Counselors and Fiduciaries, LLC in Woburn, Massachusetts. Hoilman is also President and owner of plaintiff MHA, a Massachusetts corporation with its principle place of business in Westwood, Massachusetts.

Prior to the initiation of this lawsuit, Hoilman represented several plaintiffs in separate actions against Varenko's parent corporation, Boston Life and Annuity Company ("Boston Life"), in the British Virgin Islands ("the BVI Action") and Miami–Dade County, Florida ("the Miami Action"). The BVI Action and Miami Action were brought by a number of investors in response to Boston Life's alleged embezzlement of approximately $11 million.

While that litigation was ongoing, in August, 2007, Defendants caused a lawsuit to be filed against Plaintiffs in Brevard County, Florida ("the Brevard Action"). In the Brevard Action, Defendants sued Plaintiffs for fraud, conversion, unjust enrichment and conspiracy for allegedly taking an undisclosed commission from a loan transaction. Defendants caused the summons and complaint in the Brevard Action to be served on Plaintiffs by engaging a process server who personally served Hoilman's wife at their home in Massachusetts. Defendants voluntarily dismissed the Brevard Action on February 5, 2008.

Plaintiffs filed this lawsuit on January 9, 2008, asserting claims for abuse of process, malicious prosecution and intentional interference with contract. Plaintiffs allege that Defendants' claims in the Brevard action were false, that Defendants knew or should have known that the allegations were false and that the complaint was meritless. Plaintiffs further allege that in filing the complaint in the Brevard Action, Defendants sought to use process illegally in order 1) to create a conflict between Hoilman and the plaintiffs he represented in the BVI Action and Miami Action, 2) to increase the costs and attorney's fees that those plaintiffs would incur, 3) to divert Hoilman's focus from his representation of those plaintiffs, 4) to force Hoilman to incur the costs of hiring counsel to defend himself and MHA, 5) to pressure plaintiffs in the BVI Action and Miami Action to drop their claims and 6) to obtain discovery from Hoilman and MHA to be used against plaintiffs in the BVI Action and Miami Action.

Plaintiffs also claim that Defendants intentionally interfered with two contracts between Hoilman and plaintiffs in the BVI Action and Miami Action. Plaintiffs allege that Defendants caused Gerardo Aguirre and Darrell Daugherty to terminate their contracts with Hoilman by informing them of the false allegations contained in the Brevard Action complaint.

## II. *Procedural History*

On January 9, 2008, Plaintiffs filed a complaint against Defendants alleging counts for abuse of process, malicious prosecution and intentional interference with contracts. On February 5, 2008, Defendants filed the pending motion to dismiss (Docket No. 6) for lack of personal jurisdiction and on the grounds that Plaintiffs' claims are barred by absolute privilege. Plaintiffs have filed an opposition to which Defendants filed a reply.

## III. *Legal Analysis*

### A. Motion to Dismiss for Lack of Personal Jurisdiction

#### 1. Legal Standard

In deciding the pending motion to dismiss for lack of personal jurisdiction, this Court employs the prima facie standard of analysis, under which

the inquiry is whether the plaintiff has proffered evidence which, if credited, is sufficient to support findings of all facts essential to personal jurisdiction.

*Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 26 (1st Cir.2008) (citation omitted). Plaintiffs may not simply rest on unsupported allegations in the pleadings to make the prima facie showing, but rather must "adduce evidence of specific facts." *See id.* (quoting *Foster–Miller, Inc. v. Babcock & Wilcox Can.*, 46 F.3d 138, 145 (1st Cir. 1995)). This Court, in turn, must "take specific facts affirmatively alleged by the plaintiff as true (whether or not disputed) and construe them in the light most congenial to the plaintiff's jurisdictional claim." *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir.1998) (citation omitted).

## 2. Analysis

 When exercising personal jurisdiction over nonresident defendants in a diversity case, a federal court "is the functional equivalent of a state court sitting in the forum state." *Ticketmaster–N.Y., Inc. v. Alioto*, 26 F.3d 201, 204 (1st Cir.1994) (citation omitted). The validity of exercising such jurisdiction depends on a two-step inquiry: first, this Court must determine whether the long-arm statute of the forum state reaches the subject defendant and, second, it must ensure that maintenance of the suit would not violate federal due process rights. *Id.* (citations omitted).

The Massachusetts long-arm statute, M.G.L. c. 223A § 3(c), provides in relevant part:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's . . . .

(c) causing tortious injury by an act or omission in this commonwealth

That statute has been interpreted to reach to the limits permitted by the Federal Constitution, effectively folding the two prongs of the jurisdictional inquiry into one. *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 52 (1st Cir.2002) (quoting *"Automatic" Sprinkler Corp. of Am. v. Seneca Foods Corp.*, 361 Mass. 441, 443, 280 N.E.2d 423 (1972)). The question, therefore, is whether this Court's exercise of personal jurisdiction over the Defendants would offend due process.

To be subject to jurisdiction in a forum, due process requires that a defendant have "certain minimum contacts with it such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (citation and internal quotation marks omitted). A forum may obtain jurisdiction over a defendant in one of two ways. General personal jurisdiction arises out of "continuous and systematic" contacts with the forum state which are not alleged in this case. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Specific personal jurisdiction exists when the defendant reaches out to the forum state and the cause of action "arises out of" the specific contact between the defendant and the forum, even if such contacts are isolated and sporadic. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

 The First Circuit Court of Appeals applies a three-prong test for specific personal jurisdiction. The plaintiff must establish that 1) the cause of action arises directly out of, or is related to, defendant's contacts with the forum state, 2) defendant purposefully availed itself of the privilege of conducting activities in the forum state

and 3) exercise of jurisdiction must be reasonable in light of the so-called "Gestalt" factors. *See Phillips,* 530 F.3d at 27. Because "[q]uestions of specific jurisdiction are always tied to the particular claims asserted," this Court must analyze the issue of personal jurisdiction with respect to each claim separately. *Phillips Exeter Acad. v. Howard Phillips Fund,* 196 F.3d 284, 289 (1st Cir.1999) (citation omitted).

### a. Plaintiffs' Abuse of Process Claim

#### i. Relatedness

■ Plaintiffs argue that the service of the Brevard Action complaint and summons is the act that gives rise to their abuse of process claim. Because that act occurred in Massachusetts, they assert, jurisdiction in this state is appropriate. Defendants respond that any alleged abuse of process occurred in Florida, where the Brevard Action was filed and litigated.

In explaining the relatedness prong of the due process inquiry, the First Circuit has stated that "the defendant's instate conduct must form an important, or at least material, element of proof in the plaintiff's case." *Phillips,* 530 F.3d at 27 (citation and internal quotation marks omitted). The First Circuit has also commented that the relatedness test is "a flexible, relaxed standard." *Pritzker v. Yari,* 42 F.3d 53, 61 (1st Cir.1994). In this case, Plaintiffs concede that Defendants' in-state conduct was limited to serving process on Plaintiffs in Massachusetts. Therefore, whether Plaintiffs' claim arises out of or relate to Defendants' contacts with Massachusetts depends on whether service of process is an important or material element of Plaintiffs' abuse of process claim.

■ Under Massachusetts law, a plaintiff alleging abuse of process must show that 1) process was used 2) for an ulterior motive 3) resulting in damage. *Jones v. Brockton Pub. Mkts., Inc.,* 369 Mass. 387, 389, 340 N.E.2d 484 (1975). In the context of abuse of process, "process" refers to the papers issued by a court to bring a party or property within its jurisdiction. *Id.* at 390, 340 N.E.2d 484.

In this case, the summons issued by the court in the Brevard Action constitutes process. *See id.* Service of process on Plaintiffs in Massachusetts demonstrates that "process was used." Therefore, service of process is an important element of proof in Plaintiffs' claim of abuse of process. *See Phillips,* 530 F.3d at 27.

Although the First Circuit has apparently not addressed the issue of whether service of process in the forum state is sufficient to give that state jurisdiction over an abuse of process claim, authority from other circuits supports such a conclusion. *See Vishay Intertechnology, Inc. v. Delta Int'l Corp.,* 696 F.2d 1062, 1067 (4th Cir.1982). The Fourth Circuit Court of Appeals addressed similar facts in *Vishay Intertechnology, Inc. v. Delta International Corp. Id.* at 1064. There, the plaintiff, in commencing an abuse of process claim, asserted that the defendant's service of a summons and complaint in North Carolina subjected it to jurisdiction in that state. *Id.* at 1065. The Fourth Circuit agreed, holding that

> if an out-of-state defendant causes abusive process to be served upon an instate plaintiff, and the plaintiff subsequently sues the defendant in the plaintiff's state, the state wherein the alleged abusive process was served, on a cause of action arising out of such abusive service of process, personal jurisdiction exists over the out-of-state defendant.

*Id.* at 1067; *see also Schleit v. Warren,* 693 F.Supp. 416, 421–22 (E.D.Va.1988); *Hamilton, Miller, Hudson & Fayne Travel*

*Corp. v. Hori*, 520 F.Supp. 67, 70 (W.D.Mich.1981).

Defendants note that cases from other circuits appear to disagree with the Fourth Circuit's conclusion in *Vishay*. *See Allred v. Moore & Peterson*, 117 F.3d 278, 285, 287 (5th Cir.1997); *Wallace v. Herron*, 778 F.2d 391, 394 (7th Cir.1985); *see also Miner v. Rubin & Fiorella, LLC*, 242 F.Supp.2d 1043, 1047 (D.Utah 2003) (relying on *Wallace* and *Allred* ). Those cases do not, however, undermine this Court's conclusion because they are more readily distinguishable than *Vishay*.

In *Wallace v. Herron*, the Seventh Circuit Court of Appeals addressed the issue of personal jurisdiction in the context of a suit for malicious prosecution. 778 F.2d at 392. Because it did not involve a claim for abuse of process, that case is not helpful in evaluating whether Defendants' service of process is an important or material element of proof in Plaintiffs' abuse of process claim.

Defendants also rely on the Fifth Circuit Court of Appeals' holding in *Allred v. Moore & Peterson*, 117 F.3d at 285. Although the facts of *Allred* are similar to the case before this Court, the Fifth Circuit's conclusion relied heavily on Mississippi law which is distinguishable from Massachusetts law applicable to this case.

■ In *Allred*, the Fifth Circuit held that Mississippi did not have jurisdiction over the defendants in an abuse of process claim where the defendants only contact with Mississippi was the service of process by certified mail on the plaintiff in Mississippi. *Id.* at 285, 286. According to the court, jurisdiction was inappropriate because no part of the alleged tortious conduct occurred in Mississippi. *Id.* Under Mississippi law service of process is not an element of an abuse of process claim, so that act alone was insufficient to confer jurisdiction. *Id.* As the court explained,

the elements of abuse of process in Mississippi are: "(1) the party made an *illegal* use of the process, (2) the party had an ulterior motive, and (3) damage resulted from the perverted use of process." *Id.* at 284 (emphasis added) (quoting *McLain v. W. Side Bone & Joint Ctr.*, 656 So.2d 119, 123 (Miss.1995)). Accordingly, abuse of process requires that "corruption or perversion of process" be shown. *Id.* at 285. Because the plaintiff failed to allege that any such corruption or perversion (as opposed to the mere service of process) occurred in Mississippi, he failed to show that any part of the alleged tortious act occurred in Mississippi. *Id.*

■ Contrary to the law in Mississippi, Massachusetts does not require a showing of "illegal use of process" but only that "process was used." *See Jones*, 369 Mass. at 389, 340 N.E.2d 484. Therefore, service of process alone (without any corruption or perversion) can satisfy an element of an abuse of process claim in Massachusetts. Because Defendants' service of process in Massachusetts is an important element of Plaintiffs' claim, that claim is sufficiently related to Defendants' in-state contacts. Thus the relatedness prong of the due process inquiry is satisfied with respect to Plaintiffs' abuse of process claim.

### ii. Purposeful Availment

Due process also requires a plaintiff to show that the defendant

purposefully availed itself of the privileges of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable.

*Phillips*, 530 F.3d at 28 (citation and internal quotation marks omitted). As the First Circuit has explained, that require-

ment "involves both voluntariness and foreseeability." *Id.* (citation omitted). The defendant's contacts must be voluntary in that they are deliberate and "not premised solely upon defendant's random, isolated, or fortuitous contacts with the forum state." *Sawtelle v. Farrell*, 70 F.3d 1381, 1391 (1st Cir.1995) (citation and internal quotation marks omitted). Foreseeability requires that the defendant could reasonably foresee being haled into court in the forum state based on its contacts with that state. *Phillips*, 530 F.3d at 28 (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).

Defendants' contacts with Massachusetts were clearly voluntary. They caused a process server to serve a summons and complaint on the Plaintiffs with full knowledge that it would be served in Massachusetts.

This Court also finds that it was reasonably foreseeable to Defendants that they would be haled into a Massachusetts court based on the service of abusive process in Massachusetts. According to specific facts affirmatively alleged by Plaintiffs, which this Court must construe in the light most favorable to Plaintiffs, Defendants knew that the allegations in the Brevard Action were false. In causing what they allegedly knew to be abusive process to be served in Massachusetts, Defendants should have foreseen the possibility of being haled into court in Massachusetts. *See Schleit*, 693 F.Supp. at 422–23 ("a lawyer who knowingly serves abusive process in a jurisdiction may expect to be haled into court where service was effectuated"); *Hamilton*, 520 F.Supp. at 70 (serving process in forum state is purposeful availment).

### iii. The "Gestalt" Factors

As a final consideration in the due process inquiry, this Court must weigh the reasonableness of exercising jurisdiction over the defendants, taking into account a number of so-called "Gestalt" factors. The Gestalt factors include:

> (1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies.

*United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1088 (1st Cir.1992) (citing *Burger King*, 471 U.S. at 477, 105 S.Ct. 2174).

Application of these factors to the facts of this case indicates that this Court's exercise of jurisdiction over the Defendants, with respect to Plaintiffs' abuse of process claim, is reasonable. First, although Defendants are purportedly residents of Florida, the British Virgin Islands and Switzerland, no special or unusual burden exists that would prevent them from defending a case in Massachusetts. *See Adelson v. Hananel*, 510 F.3d 43, 51 (1st Cir.2007) (citation omitted) (no special or unusual burden where defendant lived and worked in Israel and was a legally-blind diabetic). Furthermore both Plaintiffs reside in Massachusetts which weighs in favor of finding personal jurisdiction. *See id.* Indeed, where Plaintiffs' claims are based on the alleged burden that Defendants' litigation has created, forcing them to litigate the present suit in Florida would compound, rather than redress, their injury. Finally Massachusetts has an interest in providing a convenient forum to its residents who are harmed by out-of-forum actors. *See id.*

Accordingly, Plaintiffs have sufficiently demonstrated that due process is not offended by exercising personal jurisdiction

over the Defendants with respect to Plaintiffs' abuse of process claim.

### b. Plaintiffs' Malicious Prosecution Claim

 As with their abuse of process claim, Plaintiffs' malicious prosecution claim must satisfy the relatedness, purposeful availment and reasonableness requirements of due process. With respect to the first requirement, whether Plaintiffs' malicious prosecution claim arises directly out of, or relates to, Defendants' contacts with Massachusetts is doubtful. The determinative issue is whether Defendants' service of process forms an important, or at least material, element of proof in Plaintiff's malicious prosecution claim. *See Phillips,* 530 F.3d at 27.

 To prevail on a claim for malicious prosecution in Massachusetts, a plaintiff must establish

> that he was damaged because the defendant commenced the original action without probable cause and with malice, and that the original action terminated in his favor.

*Chervin v. Travelers Ins. Co.,* 448 Mass. 95, 103, 858 N.E.2d 746 (2006). Unlike abuse of process, service of process does not establish an element of a malicious prosecution claim. *Cf. Jones,* 369 Mass. at 389, 340 N.E.2d 484 (abuse of process requires that plaintiff show that "process was used"). An action can be "commenced," for purposes of a malicious prosecution claim, by the filing of a complaint without the service of process. Likewise a claim for malicious prosecution can be pursued even in the absence of any service of process. Consequently, Defendants' service of process in Massachusetts is not an important or material element of Plaintiffs' claim for malicious prosecution.

Again, although the First Circuit has not addressed the issue, precedent from other jurisdictions supports this conclusion. In *Wallace,* the Seventh Circuit addressed the issue of personal jurisdiction in the context of a suit for malicious prosecution. 778 F.2d at 392. That court held that the defendants did not have sufficient contacts with Indiana despite the fact that they served the plaintiff with interrogatories and requests for production in Indiana and caused him to respond to five complaints in Indiana. *Id.* at 394.

Based on the evidence presented, Plaintiffs' claim of malicious prosecution is insufficiently related to Defendants' contacts with Massachusetts to satisfy due process. Therefore, this Court need not examine the remaining prongs of the due process inquiry. Plaintiffs' claim for malicious prosecution will be dismissed for lack of personal jurisdiction.

### c. Plaintiffs' Intentional Interference with Contract Claim

 As with their malicious prosecution claim, Plaintiffs' claim for intentional interference with contract lacks the required relatedness to Defendants' contacts with Massachusetts. Plaintiff has produced evidence and made allegations identifying only one contact that the Defendants had with Massachusetts, namely service of process on the Plaintiffs in this state. That sole contact does not form an important or material element of Plaintiffs' intentional interference with contract claim. *See Phillips,* 530 F.3d at 27.

 The elements of intentional interference with contractual relations under Massachusetts law are as follows:

> (1) [plaintiff] had a contract with a third party; (2) the defendant knowingly induced the third party to break that contract; (3) the defendant's interference, in addition to being intentional, was improper in motive and means; and (4) the

plaintiff was harmed by the defendant's actions.

*G.S. Enters. Inc. v. Falmouth Marine, Inc.*, 410 Mass. 262, 272, 571 N.E.2d 1363 (1991) (citation omitted). Defendants' service of process in Massachusetts does not help Plaintiff prove any of those elements and appears entirely unrelated to Plaintiffs' claim of interference with contract.

Plaintiffs allege, without evidentiary support, that Defendants "inform[ed] [Hoilman's clients] of the false allegations of Varenko's complaint in the Brevard Action." Yet even if Plaintiffs were to produce evidence supporting that allegation, they have not alleged (much less offered any evidence) that Defendants committed such interference *in* Massachusetts. The act of serving process may have informed Plaintiffs of the false allegations but there is no evidence that it had any part in informing Plaintiffs' *clients* of the false allegations or played any role whatsoever in the alleged interference with Plaintiffs' contractual relations.

■ Although the First Circuit has indicated that intentional interference with a contract to be performed in the forum state is a contact with the forum state, *see Jet Wine & Spirits, Inc. v. Bacardi & Co., Ltd.*, 298 F.3d 1, 10 (1st Cir.2002), Plaintiffs have not sufficiently alleged here that the contracts with which Defendants purportedly interfered have any connection to Massachusetts. Plaintiffs have demonstrated only that they are residents of Massachusetts. That one party to a contract resides in the forum state is alone insufficient to confer jurisdiction over disputes involving that contract. *See Burger King*, 471 U.S. at 478, 105 S.Ct. 2174; *Far W. Capital, Inc. v. Towne*, 46 F.3d 1071, 1079 (10th Cir.1995) (observing that *Burger King* provides a useful framework for evaluating intentional interference with

contract claims); *Jet Wine*, 298 F.3d at 10–11 (citing *Far W. Capital* for same).

Accordingly, based upon the material allegations of the complaint, Plaintiffs' claim of intentional interference with contract is not sufficiently related to Defendants' contacts with Massachusetts to satisfy due process. Therefore, again, this Court declines to examine the remaining prongs of the due process inquiry and Plaintiffs' claim for intentional interference with contract will be dismissed for lack of personal jurisdiction.

**B. Motion to Dismiss on the Grounds of Absolute Privilege**

Defendants also contend that Plaintiffs' claims should be dismissed because pleadings filed by a party are absolutely privileged and cannot provide Plaintiffs with actionable claims. Because this Court will dismiss Plaintiffs' malicious prosecution and intentional interference with contract claims for lack of personal jurisdiction, it need only consider Defendants' assertion of absolute privilege with respect to Plaintiffs' abuse of process claim.

■ Under Massachusetts law, parties are protected by an absolute privilege to make defamatory statements "in the institution or conduct of litigation." *Milford Power Ltd. P'ship v. New England Power Co.*, 918 F.Supp. 471, 485 (D.Mass. 1996) (quoting *Sriberg v. Raymond*, 370 Mass. 105, 109, 345 N.E.2d 882 (1976)). In Massachusetts such a privilege is not limited to cases involving claims for defamation but "has been extended to provide an absolute immunity for many other torts." *Meltzer v. Grant*, 193 F.Supp.2d 373, 377 (D.Mass.2002). The privilege, however, may not be exploited and "unnecessary or unreasonable publication to parties outside the litigation can result in the loss of the litigation privilege." *Taylor v. Swartwout*,

445 F.Supp.2d 98, 102 (D.Mass.2006) (citation and internal quotation marks omitted).

 Treating this portion of Defendants' motion to dismiss as a motion to dismiss for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6), this Court finds that whatever privilege may have existed was extinguished by Defendants' alleged unreasonable publication to parties outside the litigation. *See id.* Plaintiffs contend that Defendants informed at least two individuals, Mr. Aguirre and Mr. Daugherty, of the allegedly false allegations made in the Brevard Action complaint. Accepting Plaintiffs' allegations as true, as required, *see Langadinos v. Am. Airlines, Inc.,* 199 F.3d 68, 69 (1st Cir. 2000), such acts constitute unreasonable or unnecessary publication and defeat the privilege. *See Taylor,* 445 F.Supp.2d at 102. Accordingly Defendants' motion to dismiss based on absolute privilege will be denied.

### ORDER

In accordance with the foregoing, Defendants' motion to dismiss for lack of personal jurisdiction (Docket No. 6) is, with respect to Plaintiffs' claims for malicious prosecution and intentional interference with contract, **ALLOWED** but is otherwise **DENIED.** Defendants' motion to dismiss based upon absolute privilege (Docket No. 6), to the extent that it applies to Plaintiffs' remaining claim of abuse of process, is **DENIED.**

**So ordered.**